CLARK G. KUNEY, *Plaintiff in Error*, v. STATE OF FLORIDA AND J. L. HAMPTON, SHERIFF, *Defendants in Error.*

Division A.

Opinion Filed December 2, 1924.

1. In *habeas corpus*, the inclusion in an answer of irrelevant or improper matter, is not ground for striking a valid portion of the answer that presents a proper defense; especially one involving a constitutional right.

2. The averment in an answer of petitioner to the return of a sheriff in *habeas corpus* proceedings, that the petitioner "is not a fugitive from justice," presents a proper issue, and is not a mere conclusion of fact.

3. Where the sheriff, in his return, asserts that the petitioner had "fled from justice and taken refuge in the State of Florida," the averment in the answer that the petitioner "is not a fugitive from justice from the demanding State," presents an issue upon which the petitioner has the right to offer testimony, and he is not required to support this averment by affidavits in advance of introducing testimony in support of his answer.

4. Before a person may lawfully be taken from the State in which he is residing, to another State to stand trial on a criminal charge in the demanding State, the fact that he is a fugitive from justice must be established, and when a petitioner in *habeas corpus* proceedings challenges the charge that he is such a fugitive, he has the right to submit proof in support of his denial.

5. Interstate extradition is wholly governed by constitutional and statutory provisions. Except as authorized by such provisions, arrest on extradiction proceedings in one State for an offense against the laws of another State is illegal, and relief may be had by *habeas corpus*. Accordingly, it may be determined on *habeas corpus* * * * whether or not he is a fugitive from justice.

6. On *habeas corpus* accused is entitled to show, at any time before his actual surrender to the demanding State, that he is not a fugitive from justice within the meaning of the constitution and laws of the United States; the question being one of fact, upon which the executive determination is not conclusive, and upon which accused is entitled to introduce evidence. The Governor's warrant is *prima facie* evidence that accused is a fugitive from justice and the burden of overcoming the *prima facie* case made by the warrant is upon accused.

7. To constitute one a fugitive from justice from a given State it is essential that the person having been within the demanding State, shall have left it and be within the jurisdiction of the State from which his return is demanded, and that the person shall have incurred guilt before he left the former State and while bodily present therein. If he was only constructively in a State, committing a crime against it, although not personally within its borders, he has not fled from it and is not a fugitive from justice. The fact that since the date of the alleged crime he has been in the State and then left it does not make him a fugitive, nor is a person a fugitive from justice merely because of the fact that he rendered himself liable to criminal prosecution in another State.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Judgment reversed.

*Treadwell & Treadwell*, for Plaintiff in Error.

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant Attorney General, for Defendants in Error.

BROWNE, J.—The plaintiff in error, Clark G. Kuney, was taken in custody and deprived of his liberty by the

Sheriff of Lee County, Florida, under a warrant of extradition, issued by Hon. Cary A. Hardee, Governor of Florida.

Kuney applied for and obtained a writ of *habeas corpus,* to which the sheriff made return, that he was holding the petitioner in custody by virtue of ''a certain executive warrant for the said Clark G. Kuney issued by Hon. Cary A. Hardee, Governor of the State of Florida, on the 11th day of July, 1924, in pursuance of the letter of request sent to him by the Governor of Louisiana, dated the 26th day of June, 1924, which is hereto attached and made a part of this return.''

The letter of the Governor of Louisiana to the Governor of the State of Florida, which is made part of the Sheriff's return, asserts among other things, that the petitioner ''has fled from the justice of this State and has taken refuge in the State of Florida.''

To this return, the petitioner filed an answer in which he set up, among other defenses, ''That he is not a fugitive from justice from the State of Louisiana; that if any crime, in fact, was ever committed, it was not committed in the State of Louisiana or in violation of the laws of that State of Louisiana.''

A motion by the sheriff to strike the entire answer was granted, and the prisoner remanded to the custody of the sheriff. From this order, writ of error was taken and the cause is here for review.

The sheriff's return and the prisoner's answer squarely present the issue of whether or not the petitioner is a fugitive from justice. This is an issue of fact, and the petitioner had the right to offer testimony in support of it.

There seems to be some contention by the State that no error was committed by striking the entire answer, because, the petitioner, after the averment in his answer

that he was not a fugitive from justice, added, "if any crime, in fact, was ever committed, it was not committed in the State of Louisiana or in violation of the laws of the State of Louisiana."

The fact that the petitioner may have included two defenses in one paragraph does not deprive him of the right to avail himself of any good defense that he set up.

The inclusion in an answer of irrelevant or improper matter, is no ground for striking a valid portion of an answer that presents a proper defense; especially one involving a constitutional right.

Neither is that portion of the answer which alleges that the petitioner "is not a fugitive from justice from the State of Louisiana," open to the objection, that it was a "mere conclusion of fact" not supported by affidavits.

The return of the Sheriff, which by apt words made the letter of the Governor of Louisiana to the Governor of Florida a part of the return, asserted that the petitioner had "fled from the justice of this State and had taken refuge in the State of Florida." By his answer, the petitioner takes issue with this allegation, and avers that he "is not a fugitive from justice from the State of Louisiana." This presents an issue upon which the petitioner had the right to offer testimony, and he was not required to support it by affidavits, in advance of introducing testimony in support of his answer.

Before a person may lawfully be taken from the State in which he is residing to another State to stand trial on a criminal charge in the demanding State, the fact that he is a fugitive from justice must be established, and when a petitioner in *habeas corpus* proceedings challenges the charge that he is such a fugitive, he has the right to submit proof in support of his denial.

The rule is thus stated in 29 Corpus Juris, Sec. 58, p.

69: "Interstate extradition is wholly governed by constitutional and statutory provisions. Except as authorized by such provisions, arrest on extradition proceedings in one state for an offense against the laws of another state is illegal, and relief may be had by *habeas corpus*. Accordingly it may be determined on *habeas corpus* * * * whether or not he is a fugitive from justice."

"On habeas corpus accused is entitled to show, at any time before his actual surrender to the demanding state, that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States, the question being one of fact, upon which executive determination is not conclusive, and upon which accused is entitled to introduce evidence. The governor's warrant is prima facie evidence that accused is a fugitive from justice and the burden of overcoming the prima facie case made by the warrant is upon accused." Ibed, Vol. 29, Sec. 63, p. 76.

With regard to who is a fugitive from justice, the same authority says, "to constitute one a fugitive from justice from a given state it is essential that the person having been within the demanding state shall have left it and be within the jurisdiction of the state from which his return is demanded, and that the person shall have incurred guilt before he left the former state and while bodily present therein. If he was only 'constructively' in a state, committing a crime against it, although not personally within its borders, he has not fled from it and is not a fugitive from justice. The fact that since the date of the alleged crime he has been in the state and then left it does not make him a fugitive, nor is a person a fugitive from justice merely because of the fact that he rendered himself liable to criminal prosecution in another state." 25 C. J. pp. 257, 258.

These citations are supported by many authorities, from which it is needless to quote. They can be found in copius notes to citations *supra*.

We think the court erred in striking out that portion of the answer that presented the issue, whether or not the petitioner was a fugitive from justice.

For that the judgment is reversed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur. in the opinion.