THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRUNO RICHARD HAUPTMANN, Appellant, *v.* JOHN HANLEY, as Sheriff of Bronx County, and WARDEN OF THE COUNTY JAIL OF BRONX COUNTY, Respondents.*

First Department, October 19, 1934.

* Affg. 153 Misc. 61.

James M. Fawcett of counsel [Bernhardt M. Meisels with him on the brief], for the appellant.

Sol Boneparth of counsel [Herman J. Fliederblum, Edward F. Breslin and Sylvester Ryan with him on the brief; Samuel J. Foley, District Attorney, Bronx County], for the respondents.

FINCH, P. J. The relator, while a prisoner in this State charged with the crime of extortion in connection with the kidnapping of an infant, was indicted in the State of New Jersey upon the charge of murder in the first degree and his custody demanded by the Governor of that State, pursuant to the Constitution of the United States, which provides: " A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime." (U. S. Const. art. IV, § 2, subd. 2.)

The Governor of this State ordered that custody of the relator be rendered to the demanding State.

The relator sued out a writ of habeas corpus which, after a hearing, was dismissed at Special Term. From such dismissal the relator has appealed.

The question presented to us is not to determine finally whether relator was present in or absent from the State of New Jersey at the time of the commission of the crime of murder with which he is charged. Upon that issue there is evidence, both direct and circumstantial, to show that the relator was present in the State of New Jersey. The latter, in turn, denied that he was present at the time and place of the crime, and has adduced evidence in support of an alibi.

The relator moves to return the case to the justice at Special Term upon the ground that he has additional evidence in support of his contention that he was present at work in New York city from eight o'clock in the morning until five o'clock in the afternoon on March 1, 1932. This contention is in conflict with documentary evidence already in the record. In any event, this additional evidence is cumulative and not in itself conclusive and there still exists a definite conflict of evidence upon this record.

Out of this conflicting evidence arises a clear-cut issue of fact. Such issue should not be determined upon an appeal from an order

rendering the custody of the relator to the demanding State, but should await the trial of the action. When conflicting evidence is present upon this issue, the latter also becomes a question to be determined upon the trial as is any other issue therein arising. A precedent in point is *Hyatt* v. *Corkran* (188 U. S. 691, at p. 710), where Mr. Justice PECKHAM, writing for the Supreme Court of the United States and affirming the New York Court of Appeals (172 N. Y. 176), said: " mere evidence of an alibi, or evidence that the person demanded was not in the State as alleged, would not justify his discharge, where there was some evidence on the other side, as habeas corpus was not the proper proceeding to try the question of the guilt or innocence of the accused."

Likewise, Mr. Justice WOODWARD, writing for a unanimous court, said: " The relator is a person. He has been charged with a crime within the State of New Jersey, and the Executive of the State from whence he fled has demanded his extradition. This demand should be honored, unless it is made to clearly appear that he is not the person so charged, for we may not presume that a sister State will deny justice to the relator, and it has been laid down by high authority that mere evidence of an alibi, or evidence that the person demanded was not in the State as alleged, would not justify his discharge, where there was satisfactory evidence on the other side, as habeas corpus was not the proper proceeding to try the question of the guilt or innocence of the accused." (*People ex rel. Edelstein* v. *Warden of City Prison*, 154 App. Div. 261, at p. 264.)

In the case at bar not only has the Governor of New York honored the requisition of the Governor of New Jersey, as already noted, but also, after a most exhaustive hearing before the court at Special Term, it has been found that sufficient has been shown to require relator to be rendered to the State of New Jersey, there to stand trial. There is sufficient evidence in the record to sustain this finding and bring this cause within the authorities above quoted.

The order appealed from should be affirmed, and the stay vacated.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Order affirmed and stay vacated.