65 So.2d 67 (1953)
STATE ex rel. KIMBRO et al.
v.
STARR, Sheriff.
Supreme Court of Florida, Special Division A.
May 15, 1953.
Rehearing Denied June 6, 1953.
*68 Sam E. Murrell and Sam E. Murrell, Jr., Orlando, for appellants.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
The appellants instituted a habeas corpus proceeding in the court below to contest a warrant of extradition issued by the Governor of Florida for their return to the State of Alabama to answer an indictment charging them with the crime of assault with intent to commit murder.
The issue presented by the petition for habeas corpus and the evidence submitted in support thereof was as to whether the appellants were present in the demanding state at the time of the commission of the crime. On this issue the evidence offered by the contending parties was in direct conflict. At the close of the hearing the trial court remanded the appellants to custody and this appeal followed.
It is the rule that on a habeas corpus proceeding to contest the validity and propriety of a rendition warrant issued by a governor in an extradition hearing, the burden rests with the accused to overcome by competent proof the prima facie case made by the extradition warrant. Kuney v. State, 88 Fla. 354, 102 So. 547; Chase v. State, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271; In re Cook, C.C., 49 F. 833, affirmed 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; People ex rel. Bell v. Mulcahy, 392 Ill. 290, 64 N.E.2d 474, certiorari denied 327 U.S. 800, 66 S.Ct. 901, 90 L.Ed. 1025; State ex rel. Gaines v. Westhues, 318 Mo. 928, 2 S.W.2d 612.
The evidence which will justify remanding the accused need have only that degree of certainty which would justify a magistrate in committing. Ex parte Jowell, 87 Tex.Cr.R. 556, 223 S.W. 456, 11 A.L.R. 1407; Ex parte Flournoy, 310 Mo. 355, 275 S.W. 923. Thus the proceeding is a summary, rather than plenary, one, in accord with the well-established general principle that the writ of habeas corpus should not be used to test the sufficiency of evidence on which a charge may have been based, but merely to contest the existence of any competent evidence in support thereof. White v. Penton, 92 Fla. 837, 110 So. 533.
The alleged fugitive may, of course, deny the jurisdictional fact that he is a fugitive from justice, or that he was personally present in the demanding state at the time when the crime is charged to have been committed. Chase v. State, supra; Scott on Extradition, Section 52; Annotation 11 A.L.R. 1410. But granting that the prisoner may submit evidence that he was not within the demanding state at the time in question, it is clear that the burden is on him to overthrow conclusively the presumption against him. And "it is not overthrown by the mere fact that, upon the point of the presence vel non of the accused in the demanding state when *69 the crime was committed, the evidence is contradictory." Ex parte Pelinski, Mo. Sup., 213 S.W. 809, 810.
The court, therefore, is not required, upon petition for writ of habeas corpus in an extradition proceeding, to make a ruling on that issue upon the weight of the evidence, nor is it required to resolve any genuine conflict. Its duty is to determine if there is competent evidence to sustain the warrant.
"* * * the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state * * *." Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 285, 49 L.Ed. 515.
When, as in the instant case, the evidence on the issue is in direct conflict, it is the plain duty of the court to enter an order of remand. See U.S. ex rel. Austin v. Williams, D.C., 6 F.2d 13; State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N.W. 863; Chandler v. Sipes, 103 Neb. 111, 170 N.W. 604; People ex rel. Buxton v. Jeremiah, 364 Ill. 274, 4 N.E.2d 373; Ex parte Wallace, 265 Mass. 101, 163 N.E. 870.
Moreover, in such a case an appellate court will not determine the question on appeal from an order of remand, as the duty of resolving the conflicts is one for the trial court in the demanding state. People ex rel. Hauptmann v. Hanley, 242 App.Div. 257, 274 N.Y.S. 824.
The appellants have presented two other questions on this appeal for our determination. However, these questions were not presented in the court below and, under the allegations of the petition for the writ, could not have been presented. Under these circumstances it would be improper for us to decide the questions here.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and THOMAS, JJ., concur.