BARKDULL, Judge.
By this appeal, the appellant seeks review of an order discharging the appellee, petitioner in a habeas corpus proceedings.
The record discloses that the appellee-petitioner was taken into custody upon a rendition warrant issued by the Governor of the State of Florida. The trial judge found “as a matter of law that the said executive rendition warrant is insufficient under the laws of the United States and the Constitution of the United States in that said rendition warrant fails to show upon its face facts that warrant its sufficiency and therefore said petition for writ of habeas corpus be and the same is hereby granted and the petitioner be and he is hereby discharged from custody on the aforesaid executive rendition warrant”.
The appellant urges error in the entry of said order and of necessity contends that the warrant was sufficient as a matter of law. The appellee replies that the actions of the trial judge were correct as the warrant was insufficient in law in two particulars: First, it failed to affirmatively allege that it was issued upon “an indictment found or an affidavit made before a magistrate”, [Ex parte Powell, 20 Fla. 806; State ex rel. Peck v. Chase, 91 Fla. 413, 107 So. 541], Secondly, it failed to set forth the date when the alleged offense was committed in the demanding state. The appellant answers and urges on this appeal that any deficiencies in the warrant may be established by the demanding papers which were actually before the chief executive of the asylum state, and points out in this appeal that it sought to tender into evidence before the trial judge such documents which clearly established any alleged deficiencies in the rendition warrant, both as to the affidavit which caused the issuance of the warrant in the demanding state and as to the date of the alleged offense.
However, it is apparent that these documents were neither recited in full or in substance in the rendition warrant nor annexed thereto and, with the warrant itself failing to demonstrate the essential jurisdictional’ facts to authorize the issuance of same and failing to have annexed thereto the documents of the demanding state [which might have cured the deficiencies], the petitioner [at the time he was apprehended under the rendition warrant] could not have been fully apprised of the reasons and grounds for his arrest and incarceration and, therefore, he was unlawfully being detained under such rendition warrant and was entitled to a discharge upon the writ of habeas corpus. See: State ex rel. Peck v. Chase, supra.
In order that there be no misunderstanding as to the tenor and effect of this opinion, we merely hold that a rendition warrant must either recite the substance of the jurisdictional facts which authorize its issuance and execution, or must have annexed to it the accompanying documents from the demanding state which clearly establish the jurisdictional facts which will authorize the issuance of said rendition warrant.
Therefore, for the reasons stated, the action of the trial judge in discharging the appellee-petitioner be and the same is hereby affirmed.
Affirmed.