STATE, ex rel. MILLER v. BUCHANAN, Sheriff.
No. H.C. 2604.

Circuit Court, Dade County.
March 8, 1965.

Engel, Pollack & Taffer, Miami, for petitioner.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for respondent.

JOE EATON, Circuit Judge.

This cause comes on to be heard on the petition for writ of habeas corpus and the return of respondent thereto and on testimony offered before the court. It appears to the court that relator is held by the respondent in custody under the authority of an executive rendition warrant issued by the Honorable Haydon Burns, Governor of Florida, on the 18th day of February, 1965, on the demand of the governor of the state of Tennessee for the arrest and rendition of James Miller. The demand of the governor of Tennessee on the governor of Florida duly recites that Miller is a fugitive from the justice of the state of Tennessee and that he has been charged in said state of Tennessee by indictment with a crime against the state of Tennessee.

The governor of Tennessee furnished to the governor of Florida, with his said demand, copies of the petition submitted to him by the district attorney general of the fifteenth judicial circuit of the state of Tennessee, which includes Shelby County, for his requisition on the governor of Florida for the rendition of Miller, also of an indictment returned by the grand jurors of the state of Tennessee and county of Shelby, at the May term, 1962, on the 15th day of June of that year, into the criminal court of Shelby County, Tennessee, charging Miller with committing in the county of Shelby and state of Tennessee on the 31st day of May, 1962, a crime against the laws of said state by —

" . . . . unlawfully being the driver of an automobile involved in an accident upon a public highway resulting in injury to another and failing to stop his automobile at the scene of the said accident and by unlawfully failing to give his name, address and registration of his vehicle, and to exhibit his operator's and chauffeur's license to the person so injured, and did fail to carry him, the person so injured, to any physician or surgeon when it was apparent he was in need of such treatment . . . "

also, of the capias issued by the clerk of the criminal court of Shelby County, Tennessee, for the arrest of Miller, and his production before the said court on the indictment, together with the certification thereof, all of which the governor of Tennessee certified to be authentic. Photocopies of all said documents are attached to the return of respondent herein, the originals having been exhibited to the court at the hearing.

When the person who has been arrested for extradition *denies* that he is the person for whom the warrant was issued, the burden of proving the identity of such person rests upon those seeking his deportation. If the proceedings here constitute such a denial, such burden has been carried. The court finds from the evidence presented that the petitioner relator, James Miller, before the court, is the person demanded by the governor of Tennessee and ordered arrested and rendered by the governor of Florida as aforesaid.

It is noted that the petitioner raises two contentions in his written memorandum dated March 5th, 1965.

First, he says in that memo that a court of competent jurisdiction of a sister state refused to extradite the petitioner and that such refusal should be given full faith and credit by the courts of this state in this habeas corpus proceeding. It is not necessary to discuss the full faith and credit clause of the constitution in light of the duty of this state to cause extradition if certain requirements are met. Suffice it to say, there is no *evidence* before this court upon which such finding could be made.

Second, petitioner stresses that there is no showing in the record that the petitioner was within the demanding state when the alleged crime was committed. In that connection, it is the rule that in a habeas corpus proceeding to contest the validity and propriety of a rendition warrant issued by the governor in an extradition hearing, the burden rests upon the accused to overcome by competent proof the prima facie case made by the extradition warrant. (State v. Starr, 65 So.2d 67) (This court is mindful that this is not a proceeding under 88.061 F.S., and it is further mindful that the petitioner does not stand *convicted* of a crime that necessarily required his presence in the demanding state at the time and place the offense occurred.)

The demand and accompanying documents here set forth that the petitioner was in the demanding state at that time. Competent testimony offered at the habeas corpus hearing was to that effect.[1] The petitioner offered no evidence on that issue. This

---

[1]The question of whether or not the accused was present in the demanding state at the time of the commission of the crime may be ascertained from the demand, including the accompanying documents. In addition, a witness called by the state attorney testified that the petitioner, in effect, admitted to him prior to the hearing that he had been present in the demanding state at the time of the offense.

Objection was made to such testimony on the ground that the petitioner had not had explained to him his constitutional rights prior to the giving

court is not required to make any ruling on the weight of the evidence in that regard. (State v. Starr, supra)  The evidence which will justify remand need have only that degree of certainty which would justify a magistrate in committing the petitioner.

The court has also examined the extradition papers hereinabove set out and is of the opinion that they are regular and in order and that the executive rendition warrant is full and adequate authority for the arrest, detention, and rendition of relator by the respondent.

Relator contends that the crime with which he is charged by the indictment hereinabove referred to pending in the criminal court of Shelby County, Tennessee, is a misdemeanor and that he cannot be extradited therefor.  The court must reject this contention.  The basis for all interstate extradition in the United States is found in article IV, section 2, of the federal constitution which provides —

"A person charged in any state with treason, felony, or *other crime* who shall flee from justice and be found in another state shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." (Emphasis added.)

The court finds as a matter of law that the offense with which the relator is charged in the indictment aforesaid in Shelby County, Tennessee, is a criminal offense against the laws of the state of Tennessee, and that it is a "crime" within the meaning of the aforesaid provisions of the United States constitution and that the relator is subject to extradition on such charge.

---

of such statement. In his memo, petitioner claims, in that reference, that such statement was made by the petitioner in the absence of his counsel — though the witness knew at the time the statement was made that petitioner was represented by counsel.

In the first place, we are not considering the admissibility of a confession, the "corpus delicti" rule, etc. The court, in habeas corpus, is not allowed to inquire into the guilt or innocence of the prisoner. This proceeding is a collateral attack of a civil nature. (Frederick v. Rowe, 140 So. 915, State ex rel. Deeb v. Fabisinski, 152 So. 207, reh. den. 156 So. 261.) Moreover, the testimony regarding the prisoner's statement indicates that such statement was voluntarily given. Further, testimony of matters occurring outside of the presence of counsel for the prisoner are not inadmissible merely because of counsel's absence at the time. The prisoner was not denied counsel. He had counsel at the time the statement was given and it was for him to follow his lawyer's counseling regarding statements to arresting authorities.

The court has also considered the informal demand of the relator to be released on bail pending the decision by the court in this habeas corpus proceeding and the pendency of any appeal which might be taken from this court's decision herein. This demand for release on bail must be denied under the authority of State v. Quigg, 107 So. 409, a landmark decision with an opinion by Justice Louie Strum which is thorough and exhaustive; Tomarchin v. Kelly, Fla. App. 1960, 118 So. 2d 788; Buchanan v. Fortin, 159 So.2d 98; and Buchanan v. Weiss, 166 So. 2d 596.

Thereupon, it is considered, ordered and adjudged that the relator, James Miller, be, and he hereby is, remanded into the custody of respondent for rendition to the agents of the state of Tennessee and that he be held in custody until so rendered; and it is further ordered and adjudged that the writ of habeas corpus be and it is hereby quashed and the petition dismissed.