PER CURIAM.
Robert Shirley Owens appeals from an order discharging a writ of habeas corpus and remanding him to the custody of Sheriff Ross E. Boyer.
Appellant was taken into custody pursuant to a rendition warrant issued by the Governor of the State of Florida. The relevant portion of the warrant reads as follows:
“WHEREAS, The Executive authority of the State of Virginia has demanded of the Executive authority of the State of Florida the delivery and surrender of the body of Robert Shirley Owens as a fugitive from justice from said State of Virginia to said State of Florida, and has produced and filed with the Executive authority of said State of Florida to which said State Robert Shirley Owens has fled from the State of Virginia a copy of Demand, Affidavit, Warrant and Allied Papers charging the said person so demanded with having committed in said State of Virginia against the laws of said State of Virginia the crime of Grand Larceny and which is certified as authentic by the Executive of said State of Virginia:
“NOW, THEREFORE, This is to command you to apprehend and arrest the body of the said Robert Shirley Owens * *
No papers were attached to the warrant at the time of appellant’s arrest.
*31 At the habeas corpus proceedings below appellant contended, inter alia, that the rendition warrant was insufficient in that it failed to show that the affidavit referred to therein had been made before a committing magistrate of the demanding State. Prior to such proceedings, however, appellant’s attorney had obtained the documents referred to in the rendition warrant and had attached them to appellant’s petition. Consequently, all the documents from Virginia, including the affidavit (which showed that it in fact had been made before a committing magistrate), appeared in the record before the court below. The court held that the fact that such documents appeared in the record as of the time of the proceedings was sufficient.
The sufficiency of a rendition warrant must be determined as of the time of the arrest. See Kelly v. State ex rel. Rosenthal, Fla.App.1963, 149 So.2d 85, 86, cert. denied mem., Fla.1963, 155 So.2d 616. It must either recite the substance of the jurisdictional facts which authorize its execution and issuance or must have annexed to it the documents from the demanding State which clearly establish such jurisdictional facts. Kelly v. State ex rel. Rosenthal, supra at 86; see State ex rel. Peck v. Chase, 1926, 91 Fla. 413, 419-420, 107 So. 541, 543. Once such jurisdictional requirement is that the demand for extradition, in lieu of an accompanying indictment or of an information supported by affidavit, be accompanied by a warrant supported by an affidavit made before a committing magistrate of the demanding State. Fla.Stat., Sec. 941.03, F.S.A. (1965).
As indicated by the rendition warrant here assailed, the demand from Virginia for appellant’s extradition was accompanied by a warrant and an affidavit and not by an indictment or information. Accordingly, such affidavit was required to have been made before a committing magistrate. The rendition warrant failed to state that the affidavit had been so made, and, at the time of appellant’s apprehension, there were no documents annexed to it which would have established such fact. Consequently, appellant was unlawfully arrested and detained and was entitled to be discharged from appellee’s custody upon the writ of habeas corpus.
The order here appealed is reversed and the cause remanded for the entry of an order discharging appellant from appellee’s custody.
Reversed and remanded.
ALLEN, Acting C. J., SHANNON, J., and SMITH, CULVER, Associate Judge, concur.