SWANN, Judge.
The appellant, James Rion, appeals from an order of the trial court which dismissed his petition for Writ of Habeas Corpus and remanded him to the custody of the Sheriff of Dade County, Florida for rendition to the State of Georgia, pursuant to an executive rendition warrant.
The appellant’s first two points on appeal involve the question of the sufficiency of the evidence presented to the trial court in the habeas corpus proceeding and whether the trial court should consider evidence proffered by Rion for the purpose of proving that his extradition was sought to collect a private debt or for some other purpose.
Fla.Stat. § 941.20, F.S.A., in the chapter which provides for uniform interstate extradition states:
“The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime.”
In State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67, the Supreme Court set *305 forth certain rules involving Habeas Corpus proceedings contesting warrants of extradition. The court held that
* * * * * *
“* * * [0]n a habeas corpus proceeding to contest the validity and propriety of a rendition warrant issued by a governor in an extradition hearing, the burden rests with the accused to overcome by competent proof, the prima facie ease made by the extradition warrant. * * *
The evidence which will justify remanding the accused need only have that degree of certainty, which would justify a magistrate in committing.”

The court further stated that it was the duty of the court below “to determine if there is competent evidence to sustain the warrant” and that when “the evidence on the issues is in direct conflict, it was the duty of the court to enter an order of remand.”
We, therefore, do not find that the court below committed reversible error in its ruling on the evidence submitted and proffered in this cause.
Rion’s last point on appeal is as follows:
“Must a governor’s warrant to be effective contain an authorization by the governor of the charge involved and must each such charge specify a crime under the law of the demanding state by specific language?”
A review of the documents in the record indicate that the indictment returned by the grand jury of Tift County, Georgia was sufficient to charge the defendant with a crime under the penal code of Georgia.
The record before the court below did not include a copy of the demand or requisition which the Governor of Georgia made on the Governor of Florida.
The state, in its brief, has included a certified copy of the demand from the Governor of Georgia, which the state obtained from the Office of the Secretary of State of Florida. In so doing, the state relies upon Schriver v. Tucker, Fla.1949, 42 So.2d 707.
That case also involved an appeal from an order rendered in a Habeas Corpus proceeding which had remanded Tillie G. Schriver to the custody of the Sheriff of Pinellas County, Florida, under the authority of a Rendition Warrant issued by the Governor of Florida, upon a demand from the Governor of Illinois.
In resolving the issues therein, the Supreme Court stated as follows:

“This court will take judicial notice, as the court below could have done, of the records of extradition proceedings on file in the office of the Secretary of State. See State ex rel. Lane Drug Stores v. Simpson, 122 Fla. 582, 166 So. 227. And the failure of the lower court to take judicial notice of these records does not necessarily prevent this court from so doing. 3 Am.Jur., Appeal and Error, Section 834, page 376. This is especially true in the instant case, where the failure to take such judicial notice would result in the discharge of the accused, which would not only prevent the administration of justice by the Illinois court, but would also release the accused for possible depredations against the people of this state.
We will, therefore, take judicial notice of the record of the extradition proceedings on file in the office of the Secretary of State relating to the accused, and which proceedings are here attacked. From such records, it affirmatively appears that there was submitted to the Governor of Florida by the Governor of Illinois an official Requisition, demanding the delivery and surrender of the accused as a fugitive from justice from said State of Illinois, and certifying as authentic the papers thereto appended, *306 including the indictment and other papers attached to the Rendition Warrant as well as affidavits of the State Attorney of Rockland County, Illinois, and of Harry Schriver that the accused was in Rock Island in Rockland County, Illinois, on the date upon which the offense for which extradition was sought was alleged to have been committed.” [Id. at 42 So.2d 709-710]
* * 5‡? * * ífC
For these reasons, we do not find reversible error has been committed in this regard. See also State v. Chase, 91 Fla. 413, 107 So. 541 (1926).
We have considered other points argued by the appellant on this appeal and have found them to be without merit. The order remanding James Rion to the custody of the Sheriff of Dade County, Florida be, and the same is hereby
Affirmed.