221 So.2d 186 (1969)
Raymond BONAZZO, Appellant,
v.
Allen B. MICHELL, Sheriff of Broward County, Florida, and the State of Florida, Appellees.
No. 2118.
District Court of Appeal of Florida. Fourth District.
April 1, 1969.
Rehearing Denied April 29, 1969.
*187 Robert T. Adams, Jr., Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellees.
McCAIN, Judge.
Defendant appeals from an order of the trial court quashing a writ of habeas corpus and remanding him into custody. The writ was issued pursuant to his petition challenging an executive rendition warrant issued upon demand of the State of New York. We affirm.
Defendant's points involve (1) sufficiency of the evidence as to his identity, presence in demanding state at time of alleged offenses and whether he was a fugitive from justice, and (2) sufficiency of the executive warrant and related papers.
Defendant was charged with the offenses of robbery (second degree), grand larceny (second degree) and conspiracy (second degree), allegedly occurring on September 29, 1967. An eyewitness to the offenses testified and identified the defendant, establishing the date to be September 29, *188 1967. He later vacillated by stating he was not positive of the exact date since, "that is the police department's job."
The defendant produced testimony to his presence in Florida on September 29, 1967, thereby creating a conflict as to the exact date of the alleged crimes.
In an extradition proceeding a prima facie case is made by the executive rendition warant, and the burden rests with the accused to overcome it by competent proof.[1] His guilt or innocence is not to be inquired into except as it may be involved in identifying him as the person charged.[2]
Thus, the purpose of a habeas corpus proceeding challenging a rendition warrant in extradition is to decide the issue of whether there exists any competent evidence to support it. It does not entail testing the sufficiency of evidence on the stated charge.[3]
Where there is contradictory evidence on the question of an accused's presence in or absence from the demanding state, a court should not discharge the accused but should remand him. Conflicting evidence does not meet the burden cast on the accused to overcome the presumption against him.[4]
In respect to whether an accused is a fugitive from justice, a presumption arises upon issuance of an executive warrant that he is such a fugitive. This presumption prevails unless clearly refuted.[5]
The evidence herein was conflicting and the trial court correctly quashed the writ of habeas corpus and remanded the defendant. Resolution of the conflicts is subject to proper treatment in the demanding state.
We are satisfied the evidence has that degree of certainty which would justify a magistrate in committing.[6]
Even assuming the alleged offenses occurred on some other date than that alleged, the demanding state, as does ours, recognizes that a nonfatal variance may exist between the date charged and the date shown.[7] There is abundant evidence the defendant was in the demanding state at time of the alleged offenses, irrespective of the exact date.
The final point concerns sufficiency of the rendition warrant and allied papers, however, the defendant has not favored us with specific objections thereto. Neither was this point raised at the trial level. Nevertheless, our review of the documents including the affidavit, warrant and indictment shows them to be sufficient.[8]
Accordingly the order appealed from is affirmed.
Affirmed.
CROSS and OWEN, JJ., concur.
NOTES
[1] State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67.
[2] F.S. 1967, Section 941.20, F.S.A.
[3] White v. Penton, 1926, 92 Fla. 837, 110 So. 533.
[4] Buchanan v. State, Fla.App. 1966, 185 So.2d 509; Rion v. Purdy, Fla.App. 1968, 212 So.2d 304.
[5] Chase v. State, 1927, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271; State ex rel. Florio v. McGreary, 1936, 123 Fla. 9, 165 So. 904.
[6] Rion v. Purdy, Fla.App. 1968, 212 So.2d 304; State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67.
[7] Crusoe v. State, Fla.App. 1966, 183 So.2d 600; People v. Hamm, 1957, 5 A.D.2d 696, 169 N.Y.S.2d 513, aff'd 1958, 5 N.Y.2d 803, 181 N.Y.S.2d 201, 155 N.E.2d 114.
[8] F.S. 1967, Section 941.03, F.S.A.; State ex rel. Owens v. Boyer, Fla.App. 1968, 207 So.2d 29; Rion v Purdy, Fla.App. 1968, 212 So.2d 304.