SWANN, Judge.
Ozzie Wilson Brown appeals from a final order of remand rendered in the Circuit Court of Dade County, Florida. The order quashed a writ of habeas corpus and dismissed his petition for the writ.
Brown is in custody in Florida under an executive rendition warrant issued by the Governor of this state, pursuant to a demand from the executive of the State of South Carolina.
The demand recited that Brown had been convicted of the crime of housebreaking and larceny in South Carolina and that he had escaped from confinement and taken refuge in Florida. The demand was accompanied with supporting documents showing, inter alia, that Brown had been convicted of this crime and sentenced for five years in South Carolina.
His argument for reversal is essentially that since there is no charge presently pending against him for any crime in the State of South Carolina, he is not a fugitive from justice in the State of Florida. In other words, he claims as a matter of law that a convicted felon who escapes from confinement may not be considered a fugitive from justice in the absence of a pending charge.
He relies on Fla.Stat. § 941.02, F.S.A. which provides:
“Subject to the provisions of this chapter, the provisions of the constitution of the United States controlling, and any and all acts of congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.” (Emphasis added)
The state relies on Fla.Stat. § 941.03, F. S.A., which states, inter alia: -
“No demand for the extradition of a person * * * shall be recognized by the governor unless * * * [accompanied] by a copy of a judgment of conviction or of a sentence imposed * * * together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.”
We hold that a person who has been convicted and sentenced for a crime in another state and who escapes from confinement in that state and comes into the State of Florida, is a fugitive from justice as well as an accused person and may properly be subject to extradition. See Freeman v. Blackburn, Fla.1957, 92 So.2d 262; Kuney v. State, 88 Fla. 354, 102 So. 547 (1924); Pecnik v. Blackburn, Fla.App.1961, 132 So.2d 604. For a thorough discussion of this point under the Uniform Extradition Act, see People ex rel. Hackler v. Lohman, 17 Ill.2d 78, 160 N.E.2d 792, 1959.
The order herein appealed be and the same is, therefore,
Affirmed.