DEKLE, Justice.
This review is upon petition for writ of certiorari to the District Court of Appeal, Fourth District, alleging conflict between the decision of that court in the instant cause reported at 279 So.2d 38 (Fla.App.4th 1973) and the case of Hattaway v. Culbreath, 57 So.2d 661 (Fla.1952). We previously granted certiorari, but have dispensed with oral argument pursuant to F.A.R. 3.10(e), 32 F.S.A. The respondent has now filed a motion to dismiss on grounds of mootness.
*715 This cause arises out of extradition proceedings by which it was sought to extradite petitioner to the State of Kansas. Petitioner contested these extradition proceedings by way of petition for writ of ha-beas corpus; the circuit court discharged the writ after hearing, and the District Court of Appeal affirmed. After certiora-ri was granted, a motion to dismiss was filed informing us that petitioner is now incarcerated at a Federal Correctional Institute in Texas, and that the Kansas authorities intend to waive extradition from Florida as soon as they confirm that petitioner is in fact incarcerated in Texas; the motion further states that no agreement presently exists between this state and federal authorities to return petitioner to this state. It is therefore argued that the cause should be dismissed as moot. Petitioner, on the other hand, points out that a dismissal would leave the extradition warrant against him still in force, and suggests that it be withdrawn in order to render the cause moot.
As we noted in passing in Kuney v. State, 88 Fla. 354, 102 So. 547 (1924), it is a prerequisite of extradition proceedings that the fugitive be within the territorial jurisdiction of the asylum state; a state cannot extradite one not within its bounds. If we simply dismiss this cause, however, the extradition warrant would remain in effect and petitioner, at such time as he might return to this state, would be subject to extradition without his contentions as to the validity of the extradition proceedings having been considered on their merits by this Court. On the other hand, consideration of the merits of his contentions at this time may well be a fruitless expenditure of judicial resources, since it appears that petitioner is not at present within this state and hence cannot be extradited from Florida.
Accordingly, the cause is dismissed without prejudice to petitioner’s right to contest by appropriate proceedings, at such time as he may return to the territorial jurisdiction of this state, the extradition proceedings forming the underlying basis of his petition for writ of habeas corpus, and this opinion shall in no manner be deemed to preclude petitioner from relying on the contentions raised in his petition for ha-beas corpus in any future proceedings.
It is so ordered.
CARLTON, C. J., and ROBERTS, BOYD and McCAIN, JJ., concur.