DELL, Judge.
In an extradition proceeding, Orazio Turi-ano seeks review of an order remanding him to the demanding state and denying his amended petition for a writ of habeas corpus.
On September 21, 1981, the Federal Bureau of Investigation (FBI) arrested appellant in Florida, on a New Jersey fugitive warrant for murder. The FBI delivered appellant to the appellee, Sheriff of Bro-ward County, to await further proceedings. A Florida Governor’s Warrant was issued to return appellant to New Jersey. Appellant brought a petition for writ of habeas corpus and alleged that he was not present in New Jersey at the time of the crime. Without issuing a writ of habeas corpus, the trial court conducted an evidentiary hearing on the merits of the habeas corpus petition. The court admitted the Governor’s Warrant and attached affidavits. Appellant offered two affidavits, the testimony of his wife, and his own affidavit, to establish his non-presence in the demanding state. The State called appellant to testify but he refused, asserting his right against self incrimination. Because of his refusal to testify the trial court, with concurrence from appellant’s counsel, granted the State’s motion to strike appellant’s affidavit. The State called Richard Chinery, a detective, who testified that he saw appellant less than one mile from the scene of the murder on the day of the crime. The court also considered a certified transcript of testimony given by John Scott before the New Jersey grand jury. Scott’s grand jury testimony placed appellant at the scene of the *1263 murder. Appellant wanted to take Scott’s deposition but could not locate him. Appellant moved for a continuance to take the deposition of Scott, a witness in the Federal Witness Protection Program, and also asked the court to compel the State to make Scott available for deposition. The trial court continued the hearing for ten days to permit the taking of the deposition but stated that the court had no authority to order the Federal government to produce Scott. The court, after hearing the evidence, determined that appellant had failed to carry his burden to rebut the rendition document, denied the petition for writ of habeas corpus, and remanded appellant to the State of New Jersey.
Appellant raises two points on appeal. He contends that the trial court erred in admitting the grand jury testimony of Scott without affording him the right to take Scott’s deposition, and he also contends that the trial court erred in refusing to issue a writ of habeas corpus and in refusing to direct the State to respond before conducting an evidentiary hearing.
Appellant argues that because his own affidavit was stricken that the trial court should have stricken the certified transcript of Scott’s grand jury testimony and entered an order compelling the deposition of Scott. We do not find appellant’s argument persuasive for several reasons. A habeas corpus proceeding challenging the propriety of extradition is a summary rather than plenary proceeding. State ex rel. Kimbro v. Starr, 65 So.2d 67, 68 (Fla.1953). It is also well settled that habeas corpus proceedings are historically informal and affidavits are permissible. State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973). It should also be noted that appellant presented two affidavits which were admitted into evidence and he should not now be heard to deny the State the same privilege. The State had no obligation to produce Scott, a witness in the Federal Witness Protection Program. It has been held that it is not the responsibility of the State to produce out of state witnesses subpoenaed by the defendant for discovery purposes. State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977).
When a prisoner asserts his non-presence within the demanding state at the time in question, “it is clear that the burden is on him to overthrow conclusively the presumption against him.” State ex rel. Kimbro v. Starr, supra. Conflicting evidence on the presence or absence of the accused in the demanding state does not meet appellant’s burden to overcome the presumption against him. Bonazzo v. Michell, 221 So.2d 186 (Fla. 4th DCA 1969). The United States Supreme Court has established the standard for extradition:
A governor’s grant of extradition is pri-ma facie evidence that the constitutional and statutory requirements have been met. Cf. Bassing v. Cady, 208 U.S. 386, 392, 28 S.Ct. 392, 393, 52 L.Ed. 540 (1908). Once the governor has granted extradition, a court considering release on habe-as corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.
Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).
The trial court found that the appellant’s evidence failed to rebut the prima facie case made by the rendition documents. This ruling, as any ruling denying relief from a habeas corpus petition challenging extradition, comes to the reviewing court with a presumption of correctness. Fauls v. Sheriff of Leon County, 384 So.2d 238 (Fla. 1st DCA 1980), affirmed, 394 So.2d 117 (Fla. 1981). Appellant’s evidence set up a conflict on the issue of presence, but no more.
We find no merit in appellant’s contention that the trial court erred in conducting an evidentiary hearing prior to issuance of a writ of habeas corpus and the filing of a return thereto. At the first hearing, appellant requested an evidentiary hearing on the petition and did not insist on the technical issuance of the writ as a predi *1264 cate to the hearing. Appellant relies principally upon Sullivan v. State, 49 So.2d 794 (Fla.1951). His reliance on this case is misplaced. Although appellant correctly states that the issue is joined after the issuance of a writ and the filing of a return, the Sullivan Court, supra, held that a petitioner may not present evidence before the State has had a chance to prepare a return. Appellant did not raise any technical deficiencies at the time that he moved for a continuance, but rather asserted only his right to an evidentiary hearing. Both sides knew appellant contested only the question of his presence in the demanding state. At the first hearing, appellant expressly denied his presence in the demanding state at the time of the crime and that contention was expressly controverted by the State. Any irregularity in the procedure neither prejudiced appellant’s ability to present his case fully nor does it justify a reversal of the trial judge’s decision in the light of appellant’s failure to carry his burden in this extradition habeas corpus proceeding.
Accordingly, we affirm the order remanding petitioner to the State of New Jersey and denying his amended petition for writ of habeas corpus.
AFFIRMED.
LETTS, C. J., and GLICKSTEIN, J., concur.