456 So.2d 922 (1984)
The STATE of Florida, Appellant,
v.
Jay SCORATOW, Appellee.
No. 82-2330.
District Court of Appeal of Florida, Third District.
September 4, 1984.
Rehearing Denied October 22, 1984.
Jim Smith, Atty. Gen., and Jack Luden Asst. Atty. Gen., for appellant.
Don S. Cohn, Miami, for appellee.
Before HENDRY, BARKDULL and BASKIN, JJ.
PER CURIAM.
The appellee, Jay Scoratow, was the petitioner in the circuit court for a writ of habeas corpus challenging his extradition.
The trial judge heard contradictory evidence on the question of whether the petitioner was in North Carolina on the dates alleged in the governor's warrant. The petitioner did not testify but offered evidence tending to prove that he was not in North Carolina at the time of the commission of the alleged crime. The state's witness, a co-defendant, testified that he knew Scoratow and that both of them had participated in committing the crime charged. The court concluded that the State of Florida produced insufficient evidence to rebut the evidence presented by the petitioner as to his identity and presence in [or absence from] the State of North Carolina on the dates alleged in the governor's warrant. Accordingly, the writ of habeas corpus was granted and the petitioner was discharged. We find error and reverse.
The law is well settled that an executive warrant which is regular on its face and which complies with the essential statutory requirements[1] establishes a prima facie showing of the propriety of extradition. State v. Diaz, 440 So.2d 1318 (Fla. 3d DCA 1983); Moore v. State, 407 So.2d 991, 992 (Fla. 3d DCA 1981), and cases *923 cited therein. The burden is on the accused, in habeas corpus proceedings such as this one, to "overthrow conclusively the presumption against him." State ex rel. Kimbro v. Starr, 65 So.2d 67, 68 (Fla. 1953); accord Turiano v. Butterworth, 416 So.2d 1261 (Fla. 4th DCA 1982); Bonazzo v. Michell, 221 So.2d 186 (Fla. 4th DCA 1969). Furthermore, where there is merely contradictory evidence on the issue of the accused's presence in or absence from the demanding state, the court should not discharge one arrested under the governor's warrant. State ex rel. Kimbro v. Starr, supra; Turiano v. Butterworth, supra; Bonazzo v. Michell, supra; Buchanan v. State ex rel. Bartling, 185 So.2d 509 (Fla. 3d DCA 1966).
We have found that there is competent evidence to support the governor's rendition warrant and that the petitioner failed to overcome the prima facie case made by the warrant. Therefore the judgment discharging the accused, Scoratow, is reversed.
Reversed.
NOTES
[1] See §§ 941.03; 941.07, Fla. Stat.(1983).