PER CURIAM.
B.M.D. and his wife appeal a final order in a habeas corpus proceeding. The *1307 order gives full faith and credit to a Georgia custody determination regarding an orphan whose home state is Georgia. Although it is possible that this appeal became moot when the trial court allowed the child to leave Florida immediately upon entry of its order, we have reviewed the case because it involves an issue evading review that is capable of repetition. Cf. Audsley v. Stack, 289 So.2d 714 (Fla.1974) (appeal of extradition may be moot if prisoner is outside Florida).[1]
We are troubled by the trial court’s expedited resolution of this case. The petition for habeas corpus was filed on June 2, 1995, and granted on June 13. The habeas corpus proceeding enforced a temporary custody order entered in Georgia on June 1, 1995. That order effectively removed B.M.D., a resident citizen of Florida, as temporary guardian and replaced him with R.A.B., a Georgia resident and citizen. Because the trial court did not require R.A.B. and the child to stay in Florida for a few days pending review in this court, B.M.D.’s right of appeal was jeopardized.
The parties had little time to prepare for an evidentiary hearing in the habeas corpus proceeding. The record reveals that unusual and complex issues of Georgia law were resolved by the trial court without a methodical presentation of that foreign law and with little assurance that the June 1 custody order was final and enforceable in Georgia. It is obvious that the trial court was very concerned for the child, but the procedure created substantial risk of a harmful error that could not be corrected on appeal in Florida. Although there are serious allegations in the record of B.M.D.’s improper investment of the child’s trust fund, B.M.D. and his wife had cared for this child for more than a year before the expedited hearing with no evidence of any abuse or mistreatment. They had a Florida adoption proceeding pending before another circuit court judge in the same circuit. There is nothing in this record suggesting an emergency that required an expedited decision in the habeas corpus proceeding.
Fortunately, as a result of a subsequent appellate ruling in a related Georgia proceeding and a thorough review of Georgia law, we conclude that the June 1 temporary custody order does qualify as a “custody determination” by a court of the child’s home state for purposes of the Parental Kidnapping Prevention Act. 28 U.S.C. § 1738A (1988). This order would appear to be the only basis for either couple to have legal custody of the orphan. Therefore, the trial court did not commit any harmful error when enforcing the Georgia custody order in this habeas corpus proceeding.
Affirmed.
ALTENBERND, A.C.J., and FULMER and QUINCE, JJ., concur.

. We express no opinion whether an order from this court reversing the trial court could be enforced in Georgia.