NORTHCUTT, Judge.
Joseph Kopelovich challenges a temporary domestic violence injunction entered against him ex parte, a second temporary injunction entered after an abbreviated hearing and a permanent injunction entered after a final hearing. Although all the injunctions have expired, we have decided this case because it presents an issue capable of repetition, but evading review. See In the Interest of K.D.H., 685 So.2d 1306 (Fla. 2d DCA 1995). We reverse.
Issuance of temporary injunctions for protection against domestic violence are governed by section 741.30(5), Florida Statutes (1999), and Florida Rule of Family Law Procedure 12.610. Both the statute and the rule provide that such an injunction may be entered ex parte if the petitioner’s verified pleadings or affidavits establish “that an immediate and present danger of domestic violence ex *33 ists.” § 741.30(5)(a); see also Fla.Fam. L.R.P. 12.610(c)(1)(A). As with any other ex parte order, ex parte domestic violence injunctions are antithetical to a party’s due process rights. Cf. Smith v. Knight, 679 So.2d 359, 361 (Fla. 4th DCA 1996) (discussing temporary injunction sought under Florida Rule of Civil Procedure 1.610). Rule 1.610 and rule 12.610 have differences that do not permit exact analogy, but we believe that in both cases the evidence supporting the injunction should be “strong and clear” in order to balance the harm sought to be prevented against the respondent’s right to notice and hearing. See State v. Beeler, 530 So.2d 932, 934 (Fla.1988).
In this case, Mrs. Kopelovich filed a form petition which called upon her to describe the latest act or threat of violence that caused her to honestly fear imminent domestic violence by Mr. Kopelovich. She responded that he had: 1. threatened to harm her dog; 2. threatened to harm her in court and destroy her financially; and 3. emotionally abused her by brainwashing her, lying to her and embarrassing her in front of her family. Based on these allegations, the court entered an ex parte temporary injunction. Mr. Kopelovich moved to dissolve the injunction. After a short hearing, the court gave Mrs. Kopelovich leave to amend her petition, but entered an amended temporary injunction until she could do so.
The court should not have entered the initial and amended temporary injunctions. Mrs. Kopelovich’s initial petition failed to establish either “immediate or present danger” or the threat of or actual “domestic violence.” [1] We do not in any way wish to discourage courts from entering ex parte domestic violence injunctions in proper cases. But as against the constitutional due process rights of respondents, ex parte injunctions should not be entered based on applications that fail to satisfy even the relatively minimal requirements of the statute. Further, we note that if a court denies a temporary injunction, the statute requires it to set a full hearing on the petition, with notice, at the earliest possible time. § 741.30(5)(b). Any facts that support the claim of domestic violence can be explored at that hearing.
 Just before the final hearing in this case, Mrs. Kopelovich amended her petition to make allegations that arguably satisfied the statutory requirements. But, again, her testimony at the hearing simply did not prove she had reasonable cause to believe she was in imminent danger of domestic violence. Indeed, in her brief to this court she acknowledged that she told Mr. Kopelovich she would stipulate to the dissolution of the injunction and that she has no objection to a reversal of the injunction on appeal. Although all the injunctions have expired by their terms, we hold that they were improperly entered. We presume that law enforcement already has been advised that the injunctions have terminated. § 741.30(c)(5), Fla.Stat. (1999). If not, we direct the circuit court to notify the clerk of the court to do so.
Reversed.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.

. "Domestic violence” means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury to or death of one family or household member by another who is or was residing in the same single dwelling unit. § 741.28(1), Fla.Stat. (1999).