NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CYNTHIA PASHTENKO,           )
                             )
        Appellant,           )
                             )
v.                           )          Case No. 2D13-4683
                             )
VALENTIN PASHTENKO,          )
                             )
        Appellee.            )
                             )
_____)

Opinion filed October 15, 2014.

Appeal from the Circuit Court for Sarasota
County; Robert W. McDonald, Judge.

Philip J. Schipani of Philip J. Schipani, P.A.,
Sarasota, for Appellant.

No appearance for Appellee Valentin
Pashtenko.

SLEET, Judge.

        Cynthia Pashtenko appeals the September 13, 2013, order denying her

petition for injunction against stalking, which she sought against Valentin Pashtenko,

her husband.  Because the trial court's order failed to set forth the legal grounds for

denial as required by section 784.0485(5)(b), Florida Statutes (2013), we reverse.

The Pashtenkos are in the middle of an admittedly contentious divorce. On September 13, 2013, Mrs. Pashtenko filed a petition for injunction for protection against stalking. In her petition, Mrs. Pashtenko alleged that Mr. Pashtenko committed stalking and numerous other acts, by repeatedly calling her in the middle of the night, making threats through friends, breaking into her temporary residence and taking pictures of her personal belongings, driving by the house, following her, and taking pictures of her. Mrs. Pashtenko also alleged that Mr. Pashtenko had several guns and that he threatened to use or used weapons against her.

On the same day that she filed the ex parte petition, the trial court denied it. The trial court used Florida Supreme Court Approved Family Law Form 12.980(b)(2) for its order. The form lists six possible grounds for denying the petition. Numbers one through four list the following grounds: (1) petitioner has failed to allege in a petition for domestic violence that respondent is a family or household member as that term is defined by Chapter 741, Florida Statutes; (2) petitioner has used a petition form other than that which is approved by the Court and the form used lacks the statutorily required components; (3) petitioner has failed to complete a mandatory portion of the petition; and (4) petitioner has failed to sign the petition. Number five states, "petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking because," and includes a space for the court to write its reasons. Number six is titled "other" and also provides space for the court to write its reasons. The trial court did not select numbers one through five as its reasons for denying the petition. However, in the space provided after number five, the court wrote: "Petitioner is alleging domestic 'violence' by stalking. She says law

enforcement has been contacted multiple times (see para. 7)." In the space provided after number six, the trial court judge initialed and wrote: "These parties are involved in a contentious D.O.M. with competing allegations of child abuse. The court has notified DCF." The court then handwrote a number seven, where there appears to be a sticker or stamp applied to the order, which states the following:

> Petition alleges law enforcement contacted. It is reasonably inferred there was no probable cause evidence to arrest or request charge. F.S. 741.29(2) & (3) and F.S. 901.15(7) & (9) are applicable re investigation /arrest/reports, etc. Standard of proof for Court issuance of ex parte injunction higher - "strong and clear" evidence. (<u>Kopelvocich v. Kopelvocich</u>, 793 So. 2d 31 (Fla. 2d DCA 2001))

The court also handwrote a number eight and wrote: "DCF and the attorneys are being provided copies of this order and petition." Mrs. Pashtenko appealed.

Section 784.0485 creates a cause of action for an injunction for protection against stalking. The statute sets forth the required form and substance of a petition for an injunction against stalking. It also sets forth the procedure the trial court must follow once the petition is filed. Specifically, section 784.0485(5)(b) states:

> [I]n a hearing ex parte for the purpose of obtaining such ex parte temporary injunction, evidence other than verified pleadings or affidavits may not be used as evidence, unless the respondent appears at the hearing or has received reasonable notice of the hearing. <u>A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial.</u> If the only ground for denial is no appearance of an immediate and present danger of stalking, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time.

(Emphasis added).

None of the findings listed in the trial court's order are legal grounds to deny Mrs. Pashtenko's petition. Contrary to section 784.0485(5)(b), the trial court's findings under grounds five and seven demonstrate that the trial court considered "evidence other than verified pleadings or affidavits." Specifically, the trial court looked beyond the petition to infer that there was no probable cause evidence to arrest or request charges. The trial court thereby implied that because there was no arrest or charges filed, Mrs. Pashtenko failed to present the "strong and clear" evidence necessary to issue the injunction. The trial court also incorrectly cited to sections 741.29(2), .29(3), 901.15(7), and .15(9) which apply to domestic violence injunctions and not injunctions for protection against stalking.

The trial court's findings under numbers six and eight are also not legal grounds for denial of the petition. The fact that the parties are involved in a dissolution of marriage or that there are allegations of child abuse have no bearing on whether stalking has occurred. See § 784.0485(1)(b) ("The cause of action for an injunction for protection [against stalking] may be sought regardless of whether any other cause of action is currently pending between the parties."). Likewise, the fact that DCF and the parties' attorneys are being provided copies of the order are not legal grounds to deny a petition for a temporary injunction for protection against stalking.

Although this issue may be moot because the trial court denied the petition in September 2013 with leave to amend or supplement the petition, we believe this type of denial may recur in the future. Accordingly, we reverse the trial court's order and remand for the trial court to conduct an ex parte hearing on Mrs. Pashtenko's petition. See Sanchez v. State, 785 So. 2d 672, 677 (Fla. 4th DCA 2001). In the event

- 4 -

the trial court decides the petition should be denied, it shall set forth the legal grounds for the denial in a written order pursuant to section 784.0485(5)(b).

Reversed and remanded.

CASANUEVA and CRENSHAW, JJ., Concur.