300 So.2d 700 (1974)
Ralph DI PIERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1490.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 14, 1974.
Alan E. Weinstein, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., for appellee.
*701 Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Appellant seeks review of an order denying his petition for writ of habeas corpus.
Pursuant to a fugitive warrant and a Governor's Warrant from the State of Maryland, petitioner-appellant was arrested and appeared before a magistrate in Dade County, Florida, denying identity under the Uniform Interstate Extradition Act. At this time, petitioner was arrested under a rendition warrant issued by the Governor of Florida and was taken into custody. Petitioner then filed a writ of habeas corpus denying that warrant and denying that he had at any time ever fled the jurisdiction of Maryland. A writ of habeas corpus was issued. Respondent-State's return denied the allegations of the petition. At the habeas corpus hearing, respondent failed to introduce into evidence the Governor of Florida's rendition warrant. However, respondent did offer to introduce into evidence the Governor of Maryland's warrant, but petitioner objected and the warrant was never introduced. Respondent introduced evidence to prove the petitioner's identity to be one and the same with that of the rendition warrant. Over the objections of the petitioner, fingerprints, mug-shots and other evidence were allowed in. Petitioner, however, did not testify or produce any evidence, and at the close of the hearing, the court ruled that identity had been established and an order was entered denying the petition. This appeal followed.
Appellant presents error on the part of the trial court for allowing into the hearing the fingerprints, mug-shots and other evidence. Second, and more important to the outcome of this appeal, appellant presents error in the trial court's denial of the petition of habeas corpus where the respondent failed to introduce into evidence the Governor of Florida's rendition warrant and the affidavit supporting the Maryland warrant, thus failing to make a prima facie case.
The Florida courts have discussed the function of such warrants at habeas corpus hearings in the following terms:
"The respondent officer in this case need have gone no farther than to introduce in evidence the Governor's warrant of extradition, which was valid and regular upon its face. The burden was then cast upon the petitioner to prove either that the Governor did not have before him a valid requisition from the Governor of the demanding state, accompanied by a copy of an indictment found or an affidavit made before a magistrate substantially charging the person demanded with a crime against the laws of the demanding state, duly certified as authentic by the Governor of the demanding state, or that the petitioner was not the person named in the warrant (29 C.J. 72), or was not bodily present in the demanding state at the time the offense was alleged to have been committed, and therefore was and is not a fugitive from justice." State ex rel. Florio v. McCreary, 123 Fla. 9, 165 So. 904, 906 (1936)
The courts have gone on to point out that "... the purpose of a habeas corpus proceeding challenging a rendition warrant in extradition is to decide the issue of whether there exists any competent evidence to support it. It does not entail testing the sufficiency of evidence on the stated charge." Bonazzo v. Michell, Fla.App. 1969, 221 So.2d 186, 188.
If this be the purpose of such a proceeding, and we believe that it is, then the warrant itself should have been introduced at the hearing in order to test the competency of the evidence supporting it. Although the appellant in his petition referred to the rendition warrant and did not contest its validity, nevertheless, the presence of that document at the habeas corpus hearing was vital to the State's case, in order to allow the court "... to decide ... *702 whether there exist[ed] any competent evidence to support it." The warrant was in effect the only piece of evidence that could serve as the basis for the introduction into the hearing of the fingerprints, mug-shots, and other items of proof.
Case after case handed down by the courts of this State have made it clear that
"[w]hen the executive warrant of rendition is regular on its face and complies with the essential requirements of the congressional act, it constitutes prima facie evidence of the facts therein stated and of the authority of the officer to arrest and detain the petitioner." State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471, 472 (1935)
See also Chase v. State ex rel. Burch, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271 (1927); State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67; Pecnik v. Blackburn, Fla.App. 1961, 132 So.2d 604; Trice v. Blackburn, Fla.App. 1963, 153 So.2d 32; Buchanan v. State, Fla.App. 1966, 185 So.2d 509.
At a habeas corpus hearing growing out of a rendition proceeding, the Governor's warrant, itself, serves as the one crucial item of evidence of the facts stated therein, thereby shifting the burden to the petitioner. In short, it is encumbent upon the State, in order to meet its burden to introduce the rendition warrant itself. Because the competency of evidence supporting the Governor of Maryland's warrant was not itself at issue, the attempted introduction of that document will not serve as a substitute for the introduction of the Florida rendition warrant.
For the reason that the State failed to meet its burden by introducing the rendition warrant, the judgment remanding the petitioner is erroneous. Therefore, the judgment of the trial court is accordingly reversed with directions to discharge the petitioner.
Reversed.