332 So.2d 693 (1976)
Frank SIMPSON, Appellant,
v.
W.A. WOODHAM, As Sheriff of Gadsden County, Florida, Appellee.
No. Y-400.
District Court of Appeal of Florida, First District.
June 7, 1976.
Jack A. Harnett, of Harnett & Curry, Quincy, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, for appellee.
BOYER, Chief Judge.
Appellant, who was arrested in Florida for extradition to Alabama, argues here that he is entitled to be discharged from custody because the rendition warrant issued by the Governor of Florida was not physically filed or introduced into evidence in the proceedings on his petition for habeas corpus which was heard in the Circuit Court. We agree.
Introduction of the Governor's warrant is essential, and the warrant should be introduced in order to test the competency of the evidence supporting it. DiPiero v. State, Fla.App. 3rd 1974, 300 So.2d 700. The DiPiero case is virtually identical to the case sub judice, except in the former, the defendant was in the process of being extradited to Maryland instead of Alabama. The prosecutor totally failed to introduce into evidence the Governor of Florida's rendition warrant, and, while he did offer to introduce the Governor of Maryland's warrant into evidence, the warrant was never successfully introduced.
*694 It may be considered formalism to require a piece of evidence to be formally introduced into evidence in light of the fact that the evidence was unquestionably before the court, but we are of the view that "evidence", waved around in the presence of the trier of the facts, judge or jury, may not be properly considered unless and until it is introduced into evidence. As stated in the DiPiero case, introduction of the Governor's rendition warrant was vital to the State's case. The warrant was, in effect, the only piece of evidence that could serve as the basis for introduction of the other evidence adduced. It would be a dangerous precedent indeed to hold that vital and essential evidence may be considered although not introduced.
Accordingly, the trial court's denial of the petition for writ of certiorari is reversed, with directions that appellant be discharged.
REVERSED.
MILLS, J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The majority decision seems to me a misapplication of the rule of Di Piero v. State, 300 So.2d 700 (Fla.App. 3rd 1974), in which the rendition warrant issued by the Governor of Florida was not evidenced to the court in the habeas corpus proceeding. In this case, by contrast, Simpson's attorney took the initiative in the proceeding by bringing the rendition warrant to court, exhibiting it to Judge Taylor, and proceeding with the introduction of evidence offered to overcome its prima facie effect. Simpson's petition alleged that "he is being held on a Governor's extradition warrant which alleges that the said Frank Simpson committed a crime in the State of Alabama" and averred that "the allegations and affidavits are false" and that the warrant and supporting affidavits "name someone other than Petitioner, Frank Simpson." An evidentiary hearing was had on the issues raised by Simpson and his counsel. A prosecuting attorney, an Alabama state trooper and two other witnesses came to Quincy, Florida, from Alabama to take part in the proceedings and give evidence tending to identify Simpson as the person sought in Alabama for prosecution in connection with the theft there of firearms which Simpson later tried to sell in Quincy.
When pressing his petition for habeas corpus by way of oral argument, Simpson's counsel made no complaint that an exhibit number had not been stamped on the rendition warrant. He did argue, among other things, that "the affidavit contained in the extradition warrant does not describe any item of personal property of any value," that "there can be no valid charge, in that the execution by the governor was in error" and that Simpson should be discharged "from the warrant presently pending before this Court." After indicating his ruling denying the petition for habeas corpus, Judge Taylor directed Simpson's counsel to "get together" with the Alabama prosecutor "and draw the order remanding the petitioner to the custody of the sheriff, a proper order for the delivery to the authorities of the State of Alabama, to be returned to the State of Alabama pursuant to the governor's warrant... . You all agree on the order and bring it to me."
The resulting order directed that Simpson be remanded to the custody of the sheriff of Gadsden County
"... to be delivered by said Sheriff to the executive authority of the State of Alabama for extradition pursuant to the duly executed warrant of the Governor of the State of Florida, presently in the hands of W.A. Woodham, Sheriff of Gadsden County, Florida."
Today's decision orders Simpson discharged from custody because, instead of marking an exhibit number on Governor Askew's rendition warrant and putting it in *695 the file, Judge Taylor without objection restored the warrant to Sheriff Woodham as his authority to retake Simpson for delivery to the Alabama prosecuting authorities. Thus have we made the clerk's stamp a talisman. Thus have we exalted formalism. I dissent.