384 So.2d 238 (1980)
Daniel J. FAULS, Appellant,
v.
SHERIFF OF LEON COUNTY, Florida, Appellee.
No. OO-229.
District Court of Appeal of Florida, First District.
June 2, 1980.
Joseph P. Mawhinney, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
This appeal presents a single question for review: Is appellant entitled to be discharged *239 from custody because the rendition warrant upon which he was being held for extradition to the State of Georgia was not physically filed or introduced into evidence in the habeas corpus proceedings in the court below? We answer this question in the negative, and affirm the ruling of the trial court.
The grounds for appellant's habeas corpus petition were that petitioner was not a fugitive from justice, not the person named in the extradition request, and the requisition papers were improper on their face. After a hearing, the trial court entered a written order which is before this court finding, among other things:
1. Unrefuted testimony shows that the petitioner present before this court is one and the same as the defendant who is the subject of the Florida Governor's Warrant of extradition, and
2. Unrefuted testimony shows that the petitioner was bodily present in the demanding state at the time the crime was committed and thereafter departed from that state in the meaning of State v. Cox, 306 So.2d 156 (Fla. 2nd DCA 1974), and therefore is a fugitive from justice, and
3. An authenticated copy of the indictment of the court in Georgia substantially charged petitioner with having committed a crime under the law of that state and a copy of the indictment was properly authenticated by the executive authority of Georgia making the demand, pursuant to Section 941.03, Florida Statutes.
The appellant does not challenge the existence or sufficiency of the rendition warrant. His point simply is that the warrant was not physically marked and admitted into evidence in the habeas corpus proceeding, and therefore, under the authority of Di Piero v. State, 300 So.2d 700 (Fla. 3rd DCA 1974), and Simpson v. Woodham, 332 So.2d 693 (Fla. 1st DCA 1976), this court must determine that the state failed in meeting its burden of proof.
The state counters appellant's contentions with the argument that appellant has not contended that he objected at the hearing to the state's failure to introduce the rendition warrant, and is therefore foreclosed from raising this objection for the first time on appeal. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); and State v. Barber, 301 So.2d 7 (Fla. 1974). The state further points out that the failure of the appellee to introduce the rendition warrant in the court below in no way prejudiced appellant because appellant did not challenge the existence of the warrant, but challenged whether he was a fugitive from justice, whether he was the person named in the extradition request, and whether the requisition papers were, on their face, improper. The state further maintains that all of these questions were answered by the trial court, based upon evidence presented, and that the order of the trial court shows on its face the existence of the rendition warrant from which the court's determination of validity was made. Finally, the state acknowledges that Di Piero, and Simpson, as well as Bentzel v. State, 365 So.2d 441 (Fla. 3rd DCA 1978), appear to establish a rule of law supporting appellant's position. However, the state urges that this court should recede from its decision in Simpson, and adopt the reasoning and conclusion reached by Judge Robert P. Smith, in his dissenting opinion therein.
In his reply brief, appellant responds to what it terms an "anomalous position" by the state, in that "having failed to introduce the evidence and therefore kept it beyond the eyes of this court," the state "is thus asking this court to presume that the warrant was proper on its face." Our response is that it is not this court's responsibility to determine "that the warrant was proper on its face." That responsibility was and is placed upon the trial judge who heard the proceedings and ruled upon all matters presented to him for ruling. The fallacy of appellant's position simply is that this is not a trial court, but a court of review. Our review is limited to a determination of whether errors were committed by the trial judge. The ruling of the trial judge in this case, as in all others, comes to us with the presumption of correctness. *240 Appellant does not point out any error in the trial court's evaluation of the legal sufficiency or effect of the documents, nor of the testimonial evidence presented before him. The existence of the warrant was not attacked in the trial court, nor here, and we are not asked to make any ruling on the sufficiency of the warrant.
We hold that there was no error in the ruling of the court below that appellant's petition for writ of habeas corpus should be denied, and that he be turned over to authorized agents of the State of Georgia for return to that state. We hereby recede from our opinion and decision in Simpson v. Woodham, supra, to the extent that any statement therein would require a contrary decision in this case.
Under Florida Appellate Rule 9.030, as amended March 27, 1980, this court certifies that this decision is in direct conflict with Bentzel v. State, 365 So.2d 441 (Fla. 3rd DCA 1978).[1]
The order is AFFIRMED.
McCORD, ROBERT P. SMITH, Jr., ERVIN, BOOTH, SHIVERS and WENTWORTH, JJ., concur.
MILLS, C.J., and SHAW, J., dissent.
NOTES
[1] Bentzel relies on Di Piero v. State, supra, and Simpson v. Woodham. We do not certify conflict with Di Piero, because the opinion in that case apparently rests upon a determination that the rendition warrant was not present at the habeas corpus hearing (Di Piero, at 701).