PER CURIAM.
Appellant was arrested in Florida for extradition to Illinois. He contends that his petition for writ of habeas corpus should have been granted and that he is entitled to be discharged from incarceration because the rendition warrant issued by the governor of Florida was neither before the trial court nor introduced into evidence at the habeas corpus proceeding. We agree.
DiPiero v. State, 300 So.2d 700 (Fla. 3d DCA 1974) involved the same issue raised here by appellant. That case held that the governor’s warrant must be introduced in a habeas corpus proceeding contesting extradition in order to test the competency of the evidence supporting the warrant. See also Simpson v. Woodham, 332 So.2d 693 (Fla. 1st DCA 1976).
In the instant case, not only was the governor’s warrant not introduced into evidence, it was not even before the trial court. Since the warrant itself serves as the one crucial item of evidence of the facts stated therein and is the sole basis for the introduction of other evidence, DiPiero v. State, supra, the state clearly failed to meet its burden of proof. We have no alternative under these particular facts but to reverse the denial of appellant’s habeas corpus petition.
Accordingly, the trial court’s denial of the petition for writ of habeas corpus is reversed with directions that appellant be discharged.
HOBSON, Acting C. J., and BOARD-MAN and OTT, JJ., concur.