388 So.2d 577 (1980)
Gary HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-785.
District Court of Appeal of Florida, Third District.
August 5, 1980.
*578 John H. Lipinski, Miami, for appellant.
Janet Reno, State's Atty. and Eric William Hendon, Asst. State's Atty., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
BARKDULL, Judge.
By this appeal, the appellant seeks review of an order discharging a writ of habeas corpus theretofore issued on a rendition warrant received by the Governor of Florida from the Executive Department of the State of Ohio. A copy of the rendition warrant was attached to the petition for habeas corpus and was also included in the file at the time of the arrest of the appellant as a fugitive.
The appellant attacks the proceedings before the circuit judge in three particulars: 1) That the rendition warrant was not introduced into evidence; 2) That the rendition warrant was fatal because it was not signed by the Governor of the State of Ohio; 3) That the circuit judge erred in not admitting into evidence two affidavits offered by the appellant. We affirm.
As to the introduction of the rendition warrant and supporting papers, the record reveals the following:
.....
"MR. HEATH [Assistant State Attorney]: And would, at this time, submit into evidence a Governor's warrant of rendition, which was referred to in the oral return. Would request leave of counsel and this Court, to substitute the Court file, at the conclusion of these proceedings, with a photostatic copy of that warrant of rendition so the original may be kept in the Dade County Public Safety files, if it becomes necessary that he be surrendered to the agency demanding State of Ohio.
"MR. LIPINSKI: Judge, I have no objection to the xerox copy.

I do have objections as to the introduction of the Governor's warrant into evidence and would present them to the Court at this particular time.
"THE COURT: Go ahead.
"MR. LIPINSKI: First and foremost, none of the papers from the State of Ohio are signed by the Governor." .. . (emphasis supplied)
Argument of counsel ensued and then the court announced its ruling as follows:
.....
"THE COURT: It's the Court's ruling, at this moment their presumption is that they are in order."
.....
*579 In the order discharging the writ and remanding appellant-petitioner, the circuit court recited the following:
.....
"... At the hearing the respondent introduced into evidence a Governor's Warrant of Rendition, an authenticating requisition from the executive authority of the State of Ohio, and an indictment, the latter two (2) documents being annexed to and included into said Governor's Warrant... ."
.....
The appellant urges that because the rendition warrant and supporting papers were not actually marked as an exhibit they were not admitted into evidence, citing three cases: DiPiero v. State, 300 So.2d 700 (Fla. 3d DCA 1974); Simpson v. Woodham, 332 So.2d 693 (Fla. 1st DCA 1976);[1]Bentzel v. State, 365 So.2d 441 (Fla. 3d DCA 1978). We find the instant case distinguishable from the cited cases because in those there was no reference that the rendition warrant and supporting papers were introduced into evidence and they were not physically in the file. See: DiPiero v. State, supra. In the instant case, the warrant and supporting papers were in the file; the judge announced he found them in order, and he entered a written order reflecting their introduction. Therefore, we find no merit in this point. Reed v. Sears, Roebuck & Company, 44 Ala.App. 506, 214 So.2d 856 (Ala. 1968); Publisher's Book Bindery, Inc. v. Ziegelheim, 184 Misc. 559, 54 N.Y.S.2d 798 (1945); Martin v. Winston, 181 Va. 94, 23 S.E.2d 873 (1943).
The papers received from the State of Ohio were executed by authenticating officials for Governor James A. Rhodes, pursuant to Ohio Revised Code, Section 107.15.[2] The appellant contends that the documents were insufficient because they were not signed by the Governor as the Chief Executive Officer of the State of Ohio. However, the provisions of the Federal Constitution do not require that such documents be signed by any particular individual; the Federal Constitution in this regard provides as follows:
"Article IV, Section 2
.....
"A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."
The Ohio Legislature, by the enactment of the statute referred to in footnote [2], has created an office to assist the Governor in the Executive Department. We find that this meets the test of the Federal Constitution and, therefore, the request for rendition and supporting documents was appropriate. 31 Am.Jur.2d, Extradition, § 32; Section 941.01, Florida Statutes (1979); compare State ex rel. Arnold v. Justus, 84 Minn. 237, 87 N.W. 770; Ex parte Cockburn, 301 Mo. 575, 257 S.W. 458.
Lastly, we find no error in the failure of the circuit judge to consider affidavits tendered. Grenell v. Scott, 134 So.2d 866 *580 (Fla. 2d DCA 1961); 1 Fla.Jur., Affidavit, Oath and Affirmation, § 5; 3 Am.Jur.2d, Affidavits, § 29.
Therefore, for the reasons above stated, we find no error in the order discharging the writ.
Affirmed.
NOTES
[1] The First District Court of Appeal has receded from its holding in Simpson v. Woodham, supra. See: Fauls v. Sheriff of Leon County, Florida, 384 So.2d 238 (Fla. 1st DCA 1980).
[2] § 107.15 Appointment of Authenticating Officer

The governor may appoint an authenticating officer and delegate to such officer power to sign for the governor any document except enrolled bills enacted by the general assembly, nominations to be submitted to the senate for confirmation, clemency actions, interstate compacts, and agreements with the federal government, which document, to have legal effect, requires the governor's signature and which is of a class which the governor has authorized for signature by his authenticating officer in a writing filed in the office of the secretary of state. The authenticating officer shall sign in the following manner:
"... Authenticating Officer for Governor ..."
... The authorized signature of the authenticating officer or an authorized facsimile signature of the governor shall have the same legal effect and validity as the genuine manual signature of the governor.