HURLEY, Judge,
dissenting.
I respectfully dissent. In my opinion the majority fails to consider plaintiff’s uncon-tradicted affidavit which resolves any ambiguity as to who owes the money, and conclusively entitles the plaintiff to summary judgment.
Michel Picard intended to buy into Sher-brooke Golf & Country Club, Inc. and to this end he contributed $73,333.33 in cash and signed a note for $60,000.00. Sometime later he changed his mind and requested his money back. At this point, Picard, Levy, Schwebel and Farber executed the letter-document referred to in the court’s opinion. As a result of this agreement, Picard received approximately $44,000.00, which left a balance due of $29,000.00. When this was not paid, Picard instituted suit against the corporation and its three individual stockholders (Levy, Schwebel and Farber).
On August 15, 1978, pursuant to applicable rules of civil procedure, Picard filed a motion for partial summary judgment as to that count in his complaint which concerned only the three individual defendants. He attached an affidavit to his motion wherein he stated, “On November 1, 1977 SAMUEL J. LEVY, M. MAC SCHWEBEL, and MILTON M. FARBER agreed to return to me ‘forthwith’ the sum of $73,333.33. . .” . . [TJhere is still due and owning from the Defendants to me the sum of $29,000.00. ...”
Apparently operating under the assumption that their depositions, which had been taken earlier, were on file, defendants did not respond to Picard’s affidavit. No counter-affidavits or other sworn denials were filed. To further complicate matters, when the court heard the motion on September 15,1978, both sides labored under the belief that Schwebel’s and Levy’s depositions were on file and would be considered by the court. On September 19, 1978, however, when the court entered its order granting summary judgment, neither deposition had been filed.
Court records reflect that Schwebel’s deposition was filed on January 18, 1979, four months after the summary judgment hearing. Levy’s deposition was filed on March 19,1980, a year and a half after the summary judgment hearing and fourteen days after appellate oral argument. As mentioned before, both depositions had been taken pri- or to the summary judgment hearing: Schwebel’s on April 26, 1978; Levy’s on May 8, 1978.
The following chronology recapitulates and hopefully clarifies the sequence of events:
April 26,1978 — Schwebel’s deposition.
May 8, 1978 — Levy’s deposition.
August 15,1978 — Picard’s motion for partial summary judgment accompanied by affidavit and notice of hearing.
September 15,1978 — Hearing on summary judgment.
September 19,1978 — Order on partial summary judgment.
January 18,1979 — Schwebel’s deposition filed.
March 5,1980 — Appellate oral argument.
March 19,1980 — Levy’s deposition filed.
First, and with due respect to the court, I suggest that the ambiguity perceived and relied upon by the majority is illusory. It exists only because the court turns a blind eye to Picard’s definitive and verified statement that “the Defendants [owe me] the sum of $29,000.00. . . Nothing in the record contradicts this sworn statement. Thus, I submit, the trial court was eminently correct in granting partial summary judgment.
Whether the depositions which have now been filed reveal the existence of a genuine issue of material fact is a question which should not be treated for the first time on appeal. It is axiomatic that “this is not a trial court, but a court of review. Our review is limited to a determination of whether errors were committed by the trial judge.” Fauls v. Sheriff of Leon County, *1052 384 So.2d 238, 239 (Fla. 1st DCA 1980). Thus, I would affirm the decision of the trial court but without prejudice to appellants/defendants’ right to file a motion with the trial court pursuant to Rule 1.540(b), Fla.R.Civ.P., to open the judgment and permit the court to include and consider the Schwebel and Levy depositions. This course would require the defendants to establish mistake, inadvertence, surprise or excusable neglect for failing to file the depositions. If it were determined that the duty to file belonged to another, it would be incumbent upon defendants to explain their failure to discover the void in the record and to take timely action to correct it. In any event, these are matters which should be left for the trier of fact in a subsequent proceeding.