388 So.2d 1358 (1980)
STATE of Florida ex rel. John MEYERS, Jay Meyers, and Stewart Meyers, Appellants,
v.
Claude MILLER, Sheriff of Brevard County, Florida, Appellee.
No. 79-1392/T4-618.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
*1359 Harry Stein, Melbourne, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants were wanted in Tennessee on criminal charges based on an alleged violation of Tennessee securities laws. The violations arose out of investment contracts in earthworm enterprises. In February, 1979, appellants were arrested in Florida on a Governor's rendition warrant issued in response to the demand of the Governor of Tennessee.
Appellants petitioned the circuit court of Brevard County for a writ of habeas corpus. The trial court denied the writ and this appeal was taken.
The first question raised was whether the trial court erred in denying appellants' writ of habeas corpus where the Governor's rendition warrant was not introduced by the state at the habeas corpus hearing.
It has been held that introduction of the rendition warrant is essential. Bentzel v. State, 365 So.2d 441 (Fla. 3d DCA 1978); Simpson v. State, 332 So.2d 693 (Fla. 1st DCA 1976); DiPiero v. State, 300 So.2d 700 (Fla. 3d DCA 1974). Recently, in Fauls v. Sheriff of Leon County, 384 So.2d 238 (Fla. 1st DCA 1980), the First District Court of Appeal receded somewhat from Simpson and certified that its decision was in direct conflict with Bentzel.
None of those cases are directly on point. In the case before us, appellants attached copies of the various documents, including a photocopy of the rendition warrant to their petition. Their petition then challenged the documents on the basis that they were not properly authenticated as required by chapter 941, Florida Statutes.
Appellants opened the proceeding.[1] Counsel for appellants announced:
Your Honor, at this time the Petitioner is before you on the writ heretofore filed and I don't believe I have received any return from the State Attorney on the writ out of the Court, and I'll just go ahead and proceed with the writ I set forth in my petition, which is basically the papers accompanying the demand that the State of Florida Governor not authenticated, State of Florida, and I have attached photocopies of various documents sent forth through Tennessee, and the State of Florida rendition warrant... . And if you will note, Your Honor, that none of the papers show that the Judge of the particular Court out of which the warrant was issued, nor was the affidavit, which was the cause of the issuance of the warrant, authenticated.
Counsel then continued as to other grounds raised in the petition. The court then ruled that the documents as presented to it were properly authenticated. That ruling has not been questioned in this appeal. Instead, appellants contend that the state failed to introduce the rendition warrant in evidence. That argument has no merit. Appellants are saying that the court should *1360 not consider a document which they had submitted to the court for a ruling on the validity of its authentication, because the document was not introduced later by the state. Obviously, such a position has no substance.
Appellants could have insisted that the state initially justify their detention, and had they done so the state would have been required to introduce the rendition warrant. See DiPiero v. State. They are not permitted, however, to submit the rendition warrant to the court for consideration for one purpose and now complain that the court considered it for another.
Appellants also question whether the trial court erred in denying appellants' writ of habeas corpus where the affidavit and warrant issued in the demanding state failed to substantially charge the petitioners with a crime under the laws of the state.
Whether the affidavit before the magistrate in the demanding state substantially charges a crime is a jurisdictional prerequisite essential to the issuance of the rendition warrant. State ex rel. Dyer v. Wilson, 260 So.2d 241 (Fla. 4th DCA 1972). The test is whether the affidavit substantially charges a crime under the law of the demanding state. See § 941.03, Fla. Stat. (1979); Chase v. Chase, 93 Fla. 963, 103 So. 113 (1927).
In Cossette v. State, 221 So.2d 427 (Fla. 4th DCA 1969), the court enunciated the applicable criteria that the magistrate should apply:
[T]hat each factual allegation of the complaint need not be independently documented; that sufficient information is to be presented and recital of some of the underlying circumstances made to enable the magistrate to determine that the charge is not capricious and is supported; and that where reason for crediting the source of the information is given and where a magistrate has found probable cause the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense manner.
Id. at 430.
A common sense review of the affidavit indicates that the essentials of the alleged crime are stated with a reasonable degree of sufficiency. The securities are described as investment contracts dealing with the sale of goods and services related to earthworm growing. The affidavit alleges a continuing pattern of conduct between January 1, 1977 and July 17, 1978, in Rutherford County, Tennessee. The acts constituting fraudulent or deceitful conduct are provided (misrepresented the ease of growing earthworms, agreed to buy back all worms produced by the buyer, etc.).
Appellants also contend that the arrest warrant issued out of Tennessee lacks a judicial determination that probable cause existed. The Tennessee Supreme Court, in In Re Dender, 571 S.W.2d 491 (Tenn. 1978), declared that arrest warrants may only issue upon a finding of probable cause. The United States Supreme Court, in Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), held that where a finding of probable cause is made by a judicial officer in the demanding state and the governor of the asylum state has acted on a requisition for extradition based upon it, no further judicial inquiry may be had on that issue in the asylum state. Therefore, since the arrest warrant issued in Tennessee, which was based upon the affidavit, represents a determination that probable cause existed, once the Governor of Florida acted on the requisition for extradition, no further judicial inquiry could be had on that issue in Florida.
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] This procedure was not questioned.