394 So.2d 117 (1981)
Daniel J. FAULS, Petitioner,
v.
SHERIFF OF LEON COUNTY, Florida, Respondent.
No. 59368.
Supreme Court of Florida.
January 29, 1981.
Joseph P. Mawhinney of the Law Offices of John A. Barley, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for respondent.
ALDERMAN, Justice.
The First District Court of Appeal has certified that its en banc decision in Fauls v. Sheriff of Leon County, Florida, 384 So.2d 238 (Fla. 1st DCA 1980), conflicts with the Third District Court of Appeal's decision in Bentzel v. State, 365 So.2d 441 (Fla. 3d DCA 1978). The issue is whether the trial court committed fundamental error that could be raised for the first time on appeal when it failed to grant habeas corpus in an extradition proceeding after the state failed to physically introduce into evidence the governor's rendition warrant and after the petitioner admitted the warrant's existence and did not challenge its sufficiency nor object to its nonintroduction. We hold that under these facts the error was not fundamental, and we therefore approve the First District's decision.
The governor of Georgia signed a demand warrant for Fauls' extradition to that state. Upon determining that the requirements of section 941.03, Florida Statutes (1979), had been met, the governor of Florida signed a rendition warrant for Fauls' arrest and return to Georgia. Fauls then filed a habeas corpus petition in the Leon County Circuit Court challenging his detention. He alleged that the Florida governor had signed a rendition warrant pursuant to which he was being detained, but he did not challenge the warrant's sufficiency. His habeas *118 corpus petition was based upon the grounds that he was not a fugitive from justice, that he was not the person named in the extradition request, and that the requisition papers were improper on their face.
At the habeas corpus hearing, the state did not physically introduce the rendition warrant; however, evidence supporting the warrant was introduced. This evidence established that Fauls was the person named in the rendition warrant, that Fauls has been charged with a crime in Georgia, and that Fauls is a fugitive from justice. The evidence also established that the requisition papers were not facially invalid. Fauls did not raise an objection to the introduction of this evidence and left it unrefuted.
Fauls now argues that the trial court erred in denying his petition because the governor's rendition warrant was not physically introduced at the habeas corpus hearing. This argument was raised for the first time before the district court. He relies primarily on three cases for the proposition that the state must introduce the rendition warrant in order to make a prima facie case. Bentzel v. State, 365 So.2d 441 (Fla. 3d DCA 1978); Simpson v. Woodham, 332 So.2d 693 (Fla. 1st DCA 1976); and Di Piero v. State, 300 So.2d 700 (Fla. 3d DCA 1974). The state's response is that Fauls did not object in the trial court to its failure to physically introduce the rendition warrant, and therefore he is precluded from raising it as an issue on appeal.
Florida adopted the Uniform Interstate Extradition Act in 1941. Codified as chapter 941, it directs the governor, upon proper demand, to have arrested and returned to the demanding state any person who is charged with a crime in another state, who has fled from justice, and who is found in this state. Section 941.02, Florida Statutes (1979). The demand is considered proper when the executive authority of the demanding state alleges in writing that the accused was present in the demanding state when the crime was committed and has since fled from the state. The demand must be accompanied by either an indictment or an information or warrant supported by an affidavit which charges the accused with a crime, or a judgment of conviction or sentence supported by a statement from the executive authority that the accused is an escapee or has otherwise broken the terms of his sentence. Section 941.03, Florida Statutes (1979). When the governor of the asylum state issues his rendition warrant, the accused may challenge the warrant in a habeas corpus proceeding. Section 941.10, Florida Statutes (1979). The role of the trial court in these procedures is limited. "Once the governor has granted extradition, a court considering release on habeas corpus can do more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).
Di Piero, Simpson, and Bentzel do not control this case. In Di Piero, the detainee was taken into custody pursuant to a rendition warrant issued by this state's governor. Di Piero petitioned for a writ of habeas corpus, denying the warrant and denying that he ever fled from the jurisdiction of the demanding state. At the habeas corpus hearing, the state failed to introduce into evidence the governor's rendition warrant. It did attempt to introduce the demanding state's warrant, but objection by Di Piero prevented its introduction. Over Di Piero's objection, evidence was introduced to establish that Di Piero and the person named in the warrant were the same. The petition was denied, and Di Piero appealed. The Third District reversed the trial court and ordered Di Piero discharged. It regarded the rendition warrant as the vital piece of evidence to test the competency of the supporting evidence because "[t]he warrant was in effect the only piece of evidence that could serve as the basis for the introduction into the hearing of the ... other items of proof." 300 So.2d at 702. In other words, when Di Piero objected to the introduction of the other items of proof supporting the *119 warrant, that objection should have been sustained and those items should not have been admitted.
The reasoning of the Di Piero court was used in the First District's decision in Simpson where that court said "[i]ntroduction of the Governor's warrant is essential, and the warrant should be introduced in order to test the competency of the evidence supporting it." 332 So.2d at 693. The First District has now receded from Simpson "to the extent that any statement therein would require a contrary decision in this case." Fauls v. Sheriff of Leon County, 384 So.2d at 240.
In Bentzel, the Third District, in a brief one-paragraph opinion, held, on the authority of Di Piero and Simpson, that the governor's rendition warrant was indispensable and that the failure to introduce it was fatal to the state's case. It is not apparent, however, from the Bentzel opinion whether the state attempted to introduce the evidence supporting the rendition warrant and, if it did, whether the petitioner objected. Bentzel, therefore, is distinguishable on that basis.
When the state attempted to introduce evidence supporting the rendition warrant without first introducing the warrant, Fauls could have objected to the admission of this evidence. Then, if the warrant was not produced and offered into evidence or if the warrant was unavailable or was found to be defective, the trial court would have sustained Fauls' objection and granted the writ of habeas corpus. Fauls, however, remained silent and allowed his petition to be denied without challenging the sufficiency of the rendition warrant or objecting to its nonintroduction.
We hold that the governor's rendition warrant should be introduced into evidence in a habeas corpus proceeding brought to challenge it and that failure to introduce the warrant may be fatal to the state's case. However, when the state does not physically introduce the warrant but does introduce the evidence supporting it and the petitioner does not object, the nonintroduction of the warrant is not fundamental error. That being the case, Fauls could not raise this point for the first time in his appeal to the district court. See Castor v. State, 365 So.2d 701, 703 (Fla. 1978).
Accordingly, the decision of the District Court of Appeal, First District, is approved.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS, J., dissents.