MILLS, Judge.
Chesser appeals the trial court’s denial of his petition for writ of habeas corpus in an extradition proceeding. He contends that Governor Graham’s rendition warrant was defective because it was based on an arrest warrant which was issued without probable cause. We affirm.
“Once the governor of the asylum state has acted on a requisition for extradition based on the demanding state’s judicial determination that probable cause existed, no further inquiry may be had on that issue in the asylum state.” Michigan v. Doran, 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521, 528 (1978). Also see Stack v. State ex rel. Morgan, 381 So.2d 366 (Fla. 4th DCA 1980), and State ex rel. Meyers v. Miller, 388 So.2d 1358 (Fla. 5th DCA 1980).
Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. Michigan v. Doran, supra.
The justice of the peace in this case stated that the arrest warrant was issued “for sufficient causes made known to me in the above affidavit.” This language constitutes a sufficient judicial determination of probable cause. Compare Michigan v. Dor-an, supra.
AFFIRMED.
BOOTH and THOMPSON, JJ., concur.