WENTWORTH, Judge.
Appellant seeks review of an order denying his petition for writ of habeas corpus, which challenged his arrest on an extradition warrant. Appellant asserts reversible error in the state’s alleged failure to comply with the statutory requirements of sections 941.03 and 941.06, Florida Statutes, by introducing into evidence authenticated copies of the Florida and Arizona governor’s warrants or supporting documents. We affirm the order because appellant presents no authority for his contention that the absence of a court reporter requires reversal, and because the parties’ stipulated statement of the proceedings below reflects no objection to the lack of formal introduction of the warrants or documents. Under the circumstances before the court the omission is not shown to be fundamental error, and no other appellate issues have been preserved and argued.
Appellant was arrested October 14, 1985 in Florida on an Arizona fugitive warrant in which he was charged with three counts of specified sexual conduct involving a minor. He filed a petition for writ of habeas corpus, challenging the Arizona warrant on asserted grounds that the warrant was legally insufficient, that appellant was not in Arizona at the time of the alleged offense, that the demanding state had attached a prior conviction with no relevance to the demand for extradition, that the grand jury bill was insufficient as a matter of law, and that appellant’s home was in Florida. In an amended petition, appellant asserted the same grounds and attached the affidavit of David Dillier, who stated that appellant was with him in California during late February and March 1985, the time period during which appellant was charged with having committed the alleged offenses in Arizona.
At the hearing on the petition, appellant introduced only Dillier's affidavit into evidence. The state then introduced two sworn statements from appellant’s former employer and a former coworker in Arizona, stating that appellant had been in continuous employment at DH Construction Company in Tuscon, Arizona, from June 1984 through April 1985 without leave of absence of any extent. The court then reviewed the affidavits, the court file containing copies of the Florida and Arizona warrants attached to appellant’s petition, found the warrants to be in order, and entered an order denying the petition for writ of habeas corpus on the evidence and exhibits before him.
We recognize “that the governor’s rendition warrant should be introduced into evidence in a habeas corpus proceeding brought to challenge it, and that failure to introduce the warrant may be fatal to the state’s case.” Fauls v. Sheriff of Leon County, 394 So.2d 117, 119 (Fla.1981). In Fauls, the state introduced evidence supporting the warrant at the hearing, but did not introduce the warrant itself. The court found: “However, when the state does not physically introduce the warrant but does introduce ... evidence supporting it and the petitioner does not object, the nonintro-duction of the warrant is not fundamental error,” and petitioner could not raise that issue for the first time on appeal.
In this case the state introduced two sworn statements in support of the warrants without introducing the warrants, copies of which had been submitted by appellant’s petition. The stipulated statement of the parties presented here indicates no objection by appellant at any time during the hearing to the state’s failure to introduce the warrants, to the admission of the supporting evidence, or to the trial court’s evaluation of the legal sufficiency of the copies of the warrants appellant presented with his petition. In the absence of any objection below appellant cannot on this appeal raise the issue of the state’s failure to introduce the warrants, and the state’s introduction of the sworn statements in support of the warrants without having first introduced the warrants was not fundamental error. Fauls, supra.
We find no merit in appellant’s bare argument, which also appears to be presented initially here, that the state was *431 required to provide a court reporter at the habeas corpus proceeding.
The order is affirmed.
ZEHMER, J., and HALL, J. LEWIS, JR., Associate Judge, concur.