PLEUS, J.
Scott appeals the summary denial of his petition for writ of habeas corpus. Because Scott’s claims are untimely, successive, and should have been raised on direct appeal we affirm the trial court’s denial of his petition.
In 1993, Scott was convicted of robbery and resisting an officer with violence. His convictions were affirmed in Scott v. State, 632 So.2d 1045 (Fla. 5th DCA 1994). Scott filed two motions for post conviction relief, both of which were denied. This court affirmed the denial of those' motions in Scott v. State, 648 So.2d 740 (Fla. 5th DCA 1995) and Scott v. State, 746 So.2d 463 (Fla. 5th DCA 1999).
In March, 2001, Scott filed a petition for writ of habeas corpus, alleging that his conviction was obtained by fraud and that the charging document was “fatally flawed.” The trial court summarily denied the petition, finding that: (1) Scott’s claims were not cognizable in a petition for writ of habeas corpus, and (2) if the court treated the petition as a motion under Florida Rule of Criminal procedure 3.850, it would-be untimely and" successive.
A trial court’s ruling denying relief in a habeas corpus petition generally comes to the reviewing court, clothed with the presumption of correctness. See e.g. Fauls v. Sheriff of Leon County, 384 So.2d 238 (Fla. 1st DCA 1980). Habeas corpus is not a vehicle for additional appeals of issues that were raised or should have been raised on direct appeal. See Roberts v. State, 568 So.2d 1255 (Fla.1990). Scott’s claims of fraud and defective. information should have been raised on. direct appeal. Additionally, Scott previously raised his fraud claim in his second motion for post conviction relief. It was untimely and successive then and certainly is now. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.