932 So.2d 1263 (2006)
Meleah E. FRANCE, Petitioner,
v.
Grady JUDD, in his capacity as Sheriff of Polk County, Florida, Respondent.
No. 2D06-1841.
District Court of Appeal of Florida, Second District.
July 14, 2006.
*1264 James Marion Moorman, Public Defender, and William E. McManus, Jr., Assistant Public Defender, Bartow, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
Meleah E. France petitioned this court for a writ of habeas corpus ordering her release from the Polk County Jail, where she was held as a fugitive from the states of Illinois and Missouri. By previous unpublished order, we granted France's petition and directed her release on the out-of-state charges.[1] We now write to explain our reasons.
In her petition, France contended that she was illegally held without bond on the out-of-state charges because the procedures outlined in sections 941.13, 941.14, and 941.15, Florida Statutes (2005), were not properly followed. These statutes, enacted in 1941, are derived from the Uniform Criminal Extradition Act. See ch. 20460, §§ 13, 14, 15, Laws of Fla. (1941).[2] The Act facilitates provisions of the United States Constitution and federal implementing legislation that provide for the extradition of fugitives from state to state, upon one governor's demand to another. U.S. Const., art. IV, § 2, cl. 2; 18 U.S.C.A. §§ 3182, 3194, and 3195; § 941.02, Fla. Stat. (2005). Likewise, under the uniform law the extradition process is primarily an executive function, in which the governor of the state from which the fugitive has fled may issue a written demand, or "requisition," to the governor of the asylum state to detain the fugitive and deliver her to the demanding state. §§ 941.03, .22, Fla. Stat. (2005).
Under the Act, a governor's demand for extradition must be accompanied by, among other things, an authenticated copy of (1) an indictment or an information supported by affidavit in the state having jurisdiction of the crime; (2) a warrant supported by an affidavit made before a committing magistrate of the demanding state; or (3) a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his or her bail, probation, or parole. § 941.03, Fla. Stat. (2005). The import of this requirement is to demonstrate either that there has been a judicial determination of probable cause to believe that the accused committed the crime for which she is wanted or that she has been convicted of it. See, e.g., Shapiro v. State, 456 So.2d 968 (Fla. 2d DCA 1984); State v. Diaz, 440 So.2d 1318 (Fla. 3d DCA 1983); Chesser v. *1265 Dougherty, 417 So.2d 1164 (Fla. 1st DCA 1982).
If the asylum state governor determines that the demand is in order and should be honored, he must issue a warrant for the arrest of the fugitive. § 941.07, Fla. Stat. (2005). This is sometimes referred to as a "rendition warrant" or "extradition warrant."
France's case involves provisions of the Act that permit the arrest and detention of an accused fugitive before the issuance of a governor's arrest warrant. A Florida court may order the pre-requisition arrest of an accused fugitive by issuing an arrest warrant, commonly known as a "fugitive warrant," under section 941.13. That statute authorizes the issuance of a fugitive warrant under two scenarios.[3] Under the first, a "credible person" must charge before a Florida judge that a person in Florida either (1) has committed a crime in another state and has fled from justice, or (2) has been convicted of a crime in another state and has escaped from confinement or broken the terms of her bail, probation, or parole. Under the second method, a complaint is presented to a Florida judge based on an affidavit from a credible person in the demanding state attesting either (1) that a crime has been committed in that state, that the accused has been charged with the committing the crime, and that the accused has fled from justice; or (2) that the accused has been convicted of a crime in that state and has escaped from confinement or broken the terms of her bail, probation, or parole, and is believed to be in Florida.
There is a notable difference between the two methods for securing a fugitive warrant to arrest an accused who has not been convicted. Under the first method, the accused need not have been formally charged with committing the out-of-state crime. All that is required is that a credible person charge under oath before a Florida judge that the person committed a crime in the demanding state and has fled. In the second scenario, however, the person for whom the warrant is sought must have been formally charged in the demanding state with committing a crime in that state.
It is also important to note that the requirements of section 941.13 generally comport with the showing that would satisfy the requirement of probable cause either for the issuance of an arrest warrant generally or at a pretrial nonadversary *1266 probable cause determination at a first appearance hearing under Florida Rule of Criminal Procedure 3.133(a)(3). See Perry v. State, 842 So.2d 301, 303 (Fla. 5th DCA 2003). Thus, whereas the governor may issue an extradition warrant only after the demanding state governor has documented that there has been a judicial determination of probable cause, in the absence of an extradition warrant a court may issue a fugitive warrant only after it has received either a direct showing of probable cause or proof that one has been made in the demanding state.
Warrantless pre-requisition arrests are permitted by section 941.14, provided that three elements are satisfied. Under the statute, an alleged fugitive may be arrested without a warrant (1) based on "reasonable information" that (2) the person "stands charged in the courts of a state" with (3) "a crime punishable by death or imprisonment for a term exceeding 1 year. . . ."[4]
Importantly, section 941.14 further provides that a person arrested without a warrant under that statute "must be taken before a judge with all practicable speed and complaint must be made against the accused under oath setting forth the ground for the arrest as in the preceding section; and thereafter his or her answer shall be heard as if the accused had been arrested on a warrant." In other words, as soon as practicable after a warrantless arrest, the probable cause requirements for obtaining a fugitive warrant under section 941.13 must be established.
When an accused fugitive is arrested pre-requisition, whether pursuant to a fugitive warrant or not, section 941.15 requires the judge to perform an examination to determine whether "it appears that the person held is the person charged with having committed the crime alleged and. . . that the person has fled from justice. . . ."[5] If so, the judge must issue a warrant reciting the accusation against the fugitive and committing her to the county jail for a specified period, not exceeding thirty days, pending her arrest on a governor's rendition warrant. If the rendition warrant is not forthcoming during that period, the court may extend the commitment for up to sixty days. § 941.17, Fla. Stat. (2005).
In this case, none of the foregoing statutes were honored. A Polk County sheriff's deputy arrested France on April 7, 2006, for a local misdemeanor. At or about the time of the arrest, the deputy determined that France was wanted on *1267 four out-of-state charges. He arrested her for those as well, without obtaining a fugitive warrant.
For health reasons, France was initially taken to a hospital and was not brought for a first appearance hearing until April 18. At that hearing the judge considered four arrest affidavits executed by the deputy on the day he arrested France. One affidavit indicated that France was found to have an open warrant from the Greene County, Missouri Sheriff's Office, which had advised that it would extradite her. The affidavit contained no information concerning the offense France was alleged to have committed. The second arrest affidavit indicated that France had an open warrant from the Missouri Department of Corrections. There was no further information in this affidavit. A third arrest affidavit stated that France had an open warrant for theft from St. Clair County, Illinois, with a bond in the amount of $75,000. The arrest affidavit further indicated that "[t]he warrant response stated they would extradite." The fourth arrest affidavit alleged that France had an open warrant from the sheriff's office in Bond County, Illinois, for "deceptive practice" and that "[t]he warrant response stated they would extradite."
The first appearance hearing on the four arrest affidavits was set over to the next day, and again to the next. At the reconvened hearing on April 20, the first appearance judge ordered France held without bond for thirty days "based upon the teletypes and based upon the affidavit[s] from local law enforcement."[6] According to the State's response to the petition for writ of habeas corpus, on May 3, 2006, an amended arrest affidavit was filed with the Polk County Clerk of Court stating that the fugitive warrants section of the Polk County Sheriff's Office had received a teletype advising that the warrant from St. Clair County, Illinois, was for a felony theft and that France had failed to appear to answer the charge.
Manifestly, France's warrantless arrest was not in compliance with section 941.14. The arrest affidavits did not disclose how the deputy who arrested France came to learn that she was wanted in Illinois and Missouri. If, as we suspect, the deputy obtained his information from a national law enforcement database, we would be inclined to believe that the "reasonable information" prong of the statute was satisfied. But even if we could assume as much, the fact remains that the affidavits were at best ambiguous on the question of whether France stood formally "charged in the courts" with any of the out-of-state offenses. And the affidavits said nothing about whether the offenses were punishable by death or imprisonment for a term exceeding one year, i.e., felonies. Thus, based on the information held by the deputy at the time, section 941.14 did not authorize France's warrantless arrests on the out-of-state charges.
The result of this habeas corpus proceeding is not altered by the filing of the amended arrest affidavit weeks after France's arrest. The amended affidavit alleged that the sheriff's office had received a teletype stating that one of the four out-of-state charges against France was, indeed, for a felony. Of course, the filing of the amended affidavit did not cure the other deficiencies discussed herein. In any event, the new information was not known to the deputy at the time of France's arrest, and it cannot retroactively justify it. See Owens v. Boyer, 207 So.2d 29, 31 (Fla. 2d DCA 1968) (holding that the *1268 sufficiency of a rendition warrant must be determined at the time of the arrest, and rejecting lower court's reasoning that subsequent submission of omitted information cured defect in the warrant so as to render accused fugitive's arrest legal).
Be that as it may, after France's arrest there was no compliance with the second requirement of section 941.14, i.e., that she be taken before a judge and a complaint made against her under oath comporting with the strictures of section 941.13. Although the arrest affidavits were sworn, at most they merely attested that the arresting deputy had received hearsay information from an unspecified source that a person with the same name as France, and with the same date of birth or other similar characteristics, was wanted for the commission of a crime in another state. In other words, the deputy was a recipient of information and not the source of credible information. Thus, none of the affidavits constituted a charge on the oath of a credible person that France had committed a crime in another state and had fled from justice, or that she had been convicted of a crime and was a fugitive. Nor did any of the arrest affidavits have attached to it or make reference to an affidavit of a credible person in another state that a crime had been committed in that state and that France had been charged with committing it. The upshot is that section 941.14's requirement of a post-arrest complaint in compliance with section 941.13 was not followed.
Consequently, France was detained without any demonstrationeither in documentation supporting a demanding state governor's requisition, or in proceedings to obtain a fugitive warrant under section 941.13, or in a post-arrest proceeding under section 941.13that there is or has been a judicial determination of probable cause to believe that France committed a crime in another state.
Finally, the judge below ordered France detained without bail based solely on the allegations in the arrest affidavits.[7] He made no examination to determine that she was, in fact, the person wanted on the out-of-state charges and that she had fled from justice, as mandated by section 941.15. Nor did the judge issue the requisite warrant reciting the accusations against France and committing her to the county jail for a specified period to await her arrest on a governor's warrant. Having failed to honor the requirements of section 941.15, the judge was not authorized to order France detained on the out-of-state charges.
As we have seen, France's arrest and detention were unauthorized due to noncompliance with sections 941.13, 941.14, and 941.15. For that reason, we granted France's petition for writ of habeas corpus and ordered her released on the out-of-state charges.
Petition granted.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] France was also arrested on a local misdemeanor charge, for which bond was set in the amount of $500. Our ruling does not apply to that case.
[2] The Uniform Criminal Extradition Act was promulgated by the National Conference of Commissioners on Uniform State Laws in 1926, and amended in 1932 and 1936. It was withdrawn by the Conference in 1980, when it adopted the Uniform Extradition and Rendition Act. To date, only North Dakota has adopted the latter uniform law. N.D.C.C. 29-30.X-XX-XX-XX.3-21.
[3] Section 941.13 states:

Arrest prior to requisition.Whenever any person within this state shall be charged on the oath of any credible person before any judge in this state with the commission of a crime in any other state, and, except in cases arising under s. 941.06, with having fled from justice or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his or her bail, probation, or parole, or whenever complaint shall have been made before any judge in this state setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state and that the accused has been charged in such state with the commission of the crime, and, except in cases arising under s. 941.06, has fled from justice, or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his or her bail, probation, or parole, and is believed to be in this state, the judge shall issue a warrant directed to any peace officer commanding him or her to apprehend the person named therein, wherever the person may be found in this state, and to bring the person before the same or any other judge or court who or which may be available in, or convenient of, access to the place where the arrest may be made, to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.
[4] Section 941.14 provides:

Arrest without a warrant.The arrest of a person may be lawfully made also by any peace officer or private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding 1 year, but when so arrested the accused must be taken before a judge with all practicable speed and complaint must be made against the accused under oath setting forth the ground for the arrest as in the preceding section; and thereafter his or her answer shall be heard as if the accused had been arrested on a warrant.
[5] Section 941.15 provides:

Commitment to await requisition; bail. If from the examination before the judge it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under s. 941.06, that the person has fled from justice, the judge must, by a warrant reciting the accusation, commit the person to the county jail for such a time not exceeding 30 days and specified in the warrant as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in s. 941.16, or until the accused shall be legally discharged.
[6] Although the judge referred to teletypes, neither the appendix to France's petition nor the appendix to the State's response contains copies of any teletypes.
[7] Although France did not expressly request bail on the out-of-state charges and has made no issue of this in her petition, an accused who is arrested pre-requisition is eligible for bail under section 941.16, Florida Statutes (2005).